STATE *ex rel.* LOZIER v. BOGLE *et al.*

No. 3439.    Opinion Filed May 12, 1914.

**APPEAL AND ERROR**—Review—Abstract Propositions. The syllabus in Fisher v. Lockridge, 35 Okla. 360, 130 Pac. 136, is made the syllabus in this case.

(Syllabus by the Court.)

*Error from District Court, Creek County;*
*Wade S. Stanfield, Judge.*

Action by the State of Oklahoma on relation of F. S. Lozier, as guardian of Josie Tiger, a minor, against H. H. Bogle and others. From an order of the court quashing the writ of mandamus, and overruling plaintiff's motion to tax costs against defendants, plaintiff brings error. Dismissed.

*Haskell B. Talley,* for plaintiff in error.

*Pryor & Rockwood,* for defendants in error.

TURNER, J. On November 29, 1910, pursuant to the motion of F. S. Lozier, as guardian of Josie Tyler, a minor, filed in the district court of Creek county, that court, without notice, issued a peremptory writ of mandamus directing H. H. Boyle, J. A. Helton, and W. J. Ladd to file in the county court of that county, in a certain proceeding therein pending, their appraisement of certain lands belonging to said minor, pursuant to an order of said court theretofore made, which said appraisement they at that time had made, executed, and acknowledged as required by law, but had failed and refused to file.

On January 25, 1911, came defendants, Wade S. Stanfield, judge, and made a showing to the court, whereupon the court found, among other things:

"That there never has been, at any time, an appraisement as required by law, made by the guardian appointed in this case; that the appointment of the appraisers by the county court was void, and that in the opinion of this court the writ of mandamus heretofore issued in this case ought not to have been issued until

notice was served upon the parties, and an opportunity given them to be heard."

It also appears that on December 2, 1910, the mandate of the court had been obeyed, and that the reason the appraisement had not been sooner filed was because the appraisers, acting under the advice of the county judge, had refused to file the same until their fees for making same were paid. Thereupon the court, in effect, quashed the writ, and overruled the motion of the plaintiff to tax defendants with the costs. Plaintiff brings the case here. As it appears from the journal entry that the hearing was for the purpose only of taxing the costs, we decline to say whether the court erred in quashing the writ, for the reason that a determination of that question can only be useful in determining who should pay these costs.

This case is ruled by *Fisher v. Lockridge*, 35 Okla. 360, 130 Pac. 136, where we said:

"Abstract or hypothetical questions disconnected from the granting of actual relief, or from the determination of which no practical relief can follow, except the awarding of the costs, will not be determined on appeal, but the cause will be dismissed."

The appeal is therefore dismissed.

All the Justices concur.