HARROLD *et al.* v. WICHITA FALLS & N. W. RY. CO.

No. 4835. Opinion Filed September 15, 1914.

(143 Pac. 210.)

1. APPEAL AND ERROR—Presentation for Review—Sufficiency. The only issue sought to be reviewed by this proceeding in this court is the smallness of the amount of recovery for damages and detention of certain real property. This point was not alleged as a ground for a new trial in the court below, and is not assigned as error in this court. Held, that the point is not properly before this court for review.

2. SAME—Assignment of Error—Construction—Abstract Questions—Dismissal. Plaintiffs in error alleged as grounds for a new trial: "(1) Irregularity in the proceedings of the court in the admission of certain evidence and the rejection of certain evidence, by which the parties above named were prevented from having a fair trial. (2) That the verdict is not sustained by sufficient evidence. (3) That the verdict is contrary to law. (4) That the verdict is not sustained by sufficient evidence and is contrary to law. (5) For error of law occurring at the trial and duly excepted to by the parties making this application." They assign as error substantially the same in their petition filed in this court. Held, that neither of said grounds or assignments of error presents the question of error in the assessment of the amount of recovery. Held,

further, that the record presents for consideration only abstract and hypothetical questions, from the determination of which no practical relief can follow, except recovery of costs of appeal. The appeal is therefore dismissed.

(Syllabus by the Court.)

*Error from District Court, Beaver County;*
*R. H. Loofbourrow, Judge.*

Condemnation proceedings instituted by the Wichita Falls & Northwestern Railway Company against the property of Bailey S. Harrold and another. From the judgment on a verdict assess-ing damages, the property owners bring error. Dismissed.

*J. W. Culwell,* for plaintiffs in error.

*Dickson & Dickson* and *Gray & McVay,* for defendant in error.

RIDDLE, J.  This proceeding in error is prosecuted from a judgment of the district court of Beaver county, in a condemna-tion proceeding.  Commissioners were appointed in the manner provided by law, at the petition of the railway company, to as-sess the damages as provided for in chapter 20, art. 1, Sess. Laws 1907-08, p. 259.  The commissioners filed their report, to which exceptions were taken by the plaintiffs in error, and they filed their demand to have a jury assess the damages sustained. · The matter of assessment of damages was heard in the district court before a jury, and a verdict was returned and judgment rendered thereon.  Whereupon plaintiffs in error filed their motion for a new trial, wherein it is alleged:

"(1) Irregularity in the proceedings of the court in the admission of certain evidence and the rejection of certain evi-dence, by which the parties above named were prevented from having a fair trial.  (2) That the verdict is not sustained by sufficient evidence.  (3) That the verdict is contrary to law. (4) That the verdict is not sustained by sufficient evidence and is contrary to law.  (5) For error of law occurring at the trial and duly excepted to by the parties making this application."

The motion for new trial, coming on to be heard, was over-ruled, and an extension of time granted to file case-made, and

the case is now in this court on petition in error, with case-made attached.

Defendant in error has filed its motion to dismiss this proceeding, upon the ground, among others, briefly stated, that the petition and proceedings in error present only hypothetical and abstract questions, disconnected from the granting of any actual relief, or from a determination of which no practical results can follow, other than the awarding of the costs of this appeal. The only issue submitted to the jury was as to the amount of damages sustained by plaintiffs in error; and it appears that the only ground of complaint of the verdict and judgment rendered thereon is as to the smallness of the amount of damages assessed by the jury. The motion to dismiss directly raises the proposition that the ground of complaint was not alleged as a reason for a new trial; and that it has not been assigned as error in the petition filed in this court. The petition assigns as error practically the same grounds as alleged in the motion for new trial, *supra*. The provision of the law under which this proceeding arose, so far as important here, is as follows:

"The commissioners shall be sworn to perform their duties impartially and justly; and they shall inspect said real property and consider the injury which said owner may sustain by reason of said railroad, and they shall assess the damages which said owner will sustain by such appropriation of his land, irrespective of any benefits from any improvement imposed, * * * either party may, within thirty days after the filing of such report, file with the clerk a written demand for a trial by jury; in which case the amount of damages shall be assessed by a jury, and the trial shall be conducted and judgment entered in the same manner as civil actions in the district court. * * * The fee of land taken, without the consent of the owner, shall remain in such owner, subject only to the use for which it was taken. * * *" (Section 1, c. 20, Sess. Laws 1907-08.)

The ownership and description of the land and the amount necessary for the use of the railway company being admitted, the only question that could have been involved was the question as to the amount of damages. *Briggs et al. v. Bd. Co. Com'rs, Labette Co.*, 39 Kan. 90, 17 Pac. 331. The fifth sub-

section under section 5033, Rev. Laws 1910, under the head of "New Trials," provides:

"Error in the assessment of the amount of recovery, whether too large or too small, whether the action is upon a contract, or for the injury or detention of property."

The recovery in this case against the railway company was for the injury to and detention of plaintiffs' property. The question of the smallness of the recovery was not in any way alleged in the motion for a new trial or brought to the attention of the trial court. Neither is it assigned as error in this court. The primary and ultimate object of this proceeding is to cause a reversal of the judgment appealed from on the ground that the assessment of the amount of recovery was too small; and, as this ground was not brought to the attention of the trial court by specifically alleging it in the motion for new trial, the question is: Is it now before this court for determination? In the case of *Menten v. Shuttee et al.,* 11 Okla. 381, 67 Pac. 478, the fourth paragraph of the syllabus is as follows:

"The Supreme Court will not review alleged error of the trial court, unless the error complained of is in some manner assigned for review by the petition in error."

In the case of *Southwestern Cotton Seed Oil Co. v. Bank of Stroud,* 12 Okla. 168, 70 Pac. 205, the first, second, and third paragraphs of the syllabus are as follows:

"(1) This court will not review an alleged error of a trial court, unless the error complained of is assigned for review by the petition in error as well as by the motion for a new trial.

"(2) Error in the assessment of the amount of recovery can not be considered, unless such error is alleged in the motion for a new trial.

"(3) An assignment of error which alleges that the verdict is not sustained by the evidence will not cover the question of error in the assessment of the amount of recovery."

In the case of *Graham v. Yates et al.,* 36 Okla. 148, 128 Pac. 119, in an opinion by Sharp, C., the second and third paragraphs of the syllabus read:

"(2) Error in the assessment of the amount of recovery can not be considered, unless such error is alleged in the motion for a new trial.

"(3) An assignment of error which alleges that the verdict is not sustained by the evidence, will not cover the question of error in the. assessment of the amount of recovery."

In the body of the opinion last cited it is stated:

"All the errors, even if well taken, go to the one point complained of, *i. e.,* a verdict for an insufficient amount. If it were true that the court erred in each of the particulars urged, it did not prejudicially affect plaintiff save in the amount of his recovery, and this he did not urge as a ground for new trial in the court below. There is a wide distinction between an adverse verdict and one favorable to the complaining party, where only the amount of recovery is the error sought to be reviewed, and it was doubtless this distinction that caused the Legislature to assign as one of the many grounds for a new trial the one to which we have called attention."

We think this language will apply with all its force to the present case. Conceding that all the errors assigned by plaintiffs in error are well taken, yet they all go to the one point of complaint, which is that plaintiffs failed to recover a sufficient amount; and as the ground for new trial provided by statute raising this question was not alleged as a ground for a new trial, and is not assigned as error in this court, the same cannot be considered on appeal.

The only other relief which plaintiffs in error could hope to obtain by reason of this proceeding, if any of the assignments of error are well taken, would be to the extent of recovery of the costs of this appeal. This court has held many times that where no practical results will follow, other than the awarding of costs, the appeal will be dismissed. *Bryan v. Sullivan,* 29 Okla. 686, 119 Pac. 124; *Fisher v. Lockridge,* 35 Okla. 360, 130 Pac. 136; *State ex rel. Lozier v. Bogle,* 40 Okla. 740, 140 Pac. 1153.

If plaintiffs have any merit in their contention, it is to be regretted that they are deprived of having the same passed upon by this court solely on account of the conditions of the record

we find presented. The court is not responsible for the condi-tion of the record, however, nor the law applicable to the same. It is only our duty to apply the law to the facts as we find them

We are constrained to hold that, under the foregoing au-thorities, the appeal must be dismissed; and it is so ordered.

LOOFBOURROW, J., having presided in the court below, not sitting. All the other Justices concur.