PATTERSON *et al.* v. RILEY, *County Clerk, et al.*

No. 4278.   Opinion Filed April 27, 1615.

(148 Pac. 169.)

APPEAL AND ERROR—Moot Question—Dismissal of Appeal—Order Dissolving Injunction—Supersedeas Bond. When a temporary injunction is issued enjoining an officer from performing an official act, and on final hearing the temporary injunction is dissolved, and the time fixed for filing a supersedeas bond; if no bond is filed the order and judgment dissolving the temporary injunction becomes effective at the expiration of the time allowed for filing such bond, and the court will not presume that the officer has not performed the act enjoined, and will, if sufficient time has elapsed for the completion of said act, dismiss an appeal

from the judgment dissolving the injunction on the ground that it presents only a moot question.

(Syllabus by Brett, C.)

*Error from District Court, Oklahoma County;*

*W. R. Taylor, Judge.*

Action by L. E. Patterson and others against J. W. Riley, County Clerk, and another. Judgment for defendants, and plaintiffs bring error. Appeal dismissed.

*Grant Stanley,* for plaintiffs in error.

*Sam Hooker,* Co. Atty., and *W. A. Staley,* for defendants in error.

BRETT, C. In August, 1909, a damage district was organized in Oklahoma county known as the North Canadian river drainage district No. 5. A board of viewers was appointed to make an assessment against the lands of each person benefited by the proposed ditch, and their report after statutory notice was confirmed by the county commissioners of Oklahoma county, but one C. E. Ferrell, within the statutory time, filed his protest and remonstrance, claiming his lands would be damaged by said proposed ditch, and his claim for damage was litigated to the superior court of Oklahoma county, and that court rendered judgment in favor of Ferrell and against said drainage district No. 5 for certain damages. And on May 9, 1912, and after Ferrell's judgment had become final, the board of county commissioners of Oklahoma county made an order directing the county court of Oklahoma county to make an additional assessment against the lands of the plaintiffs in error, and pro rate said assessment against their respective lands in the same proportion as the original assessment to pay the judgment of C. E. Ferrell against drainage district No. 5, and that this additional assessment be certified by the county clerk of Oklahoma county to the county assessor of said county, and by him be extended upon the tax rolls for the year 1912 against the lands included in said drainage

district No. 5 as shown by the original report of the viewers, and that said assessment be collected by the county treasurer of said county as other taxes are collected.

Plaintiffs in error filed an action in the district court of Oklahoma county praying for a temporary injunction against the defendant in error J. W. Riley, county clerk of Oklahoma county, enjoining him from placing of record in the assessment records of the North Canadian river drainage district No. 5, of Oklahoma county, the assessment ordered by the county commissioners of Oklahoma county on May 9, 1912, and to enjoin said Riley from certifying said assessment to J. C. Frazer, county assessor of Oklahoma county, and to also enjoin said J. C. Frazer from extending said assessment upon the tax rolls of said county for the year 1912, and that upon final hearing said injunction be made permanent. A temporary injunction was granted. The defendants filed a joint and several demurrer to the petition of plaintiffs. The demurrer was sustained, and the plaintiffs elected to stand upon their petition, and refused to amend, and the cause was dismissed, the temporary injunction dissolved, and from this judgment the plaintiffs appeal to this court.

The judgment appealed from allowed the plaintiffs in error 20 days in which to make and file a supersedeas bond, and provides that the temporary injunction shall remain in full force and effect pending the giving of said bond, and thereafter until final judgment, provided said bond be made and approved within 20 days after August 1, 1912, the date of said judgment.

It appears from the record that no supersedeas bond was ever made. Consequently, the order dissolving the temporary injunction became effective at the expiration of the 20 days allowed by the court for filing the same, and there was nothing to prevent the officers enjoined from complying with the order of the county commissioners, and extending the levy provided for in said order upon the tax rolls for 1912, and collecting same. Rev. Laws 1910, sec. 5266. And this court will not presume that the order of the

county commissioners was not complied with after the dissolution of the temporary injunction, and that the taxes have not been collected.

This case, therefore, only involves a moot question, and no purpose can be served by further proceedings. It has been repeatedly held by this court that hypothetical questions disconnected from the granting of actual relief further than the awarding of costs on appeal will not be decided by this court. *McCullough et al. v. Gilcrease,* 40 Okla. 741, 141 Pac. 5; *State ex rel. Lozier v. Bogle et al.,* 40 Okla. 740, 140 Pac. 1153.

We recommend the appeal be dismissed.

By the Court: It is so ordered.