## LOESER v. LOESER et al.

No. 4421. Opinion Filed July 20, 1915.

(150 Pac. 1045.)

1. **ABATEMENT AND REVIVAL—Appeal and Error—Malicious Prosecution—Death of Defendant—Moot Question.** Where an appeal is pending in this court, which seeks to set aside a conveyance of real estate on the ground that it was fraudulently made by the grantor, to defeat the collection of a judgment obtained by the plaintiff in error against the grantor, and this court becomes cognizant of the fact that said judgment was obtained in an action for malicious prosecution, that the grantor pending the

appeal has died, and that the judgment against him has been reversed by this court, the appeal will be dismissed on the ground that it presents only a moot question, for the reason that an action for malicious prosecution abates on the death of the defendant, and the plaintiff, having lost his judgment against the grantor, can never recover another, since the cause of action died with him. And, even if the conveyance were set aside in such a case, it could avail the plaintiff in error nothing.

2.    **EVIDENCE—Judicial Notice—Judgment—Moot Question.** This court will take judicial knowledge of its judgments and decrees.

(Syllabus by Brett. C.)

*Error from District Court, Alfalfa County;*
*James W. Steen, Judge.*

Action by Frank Loeser against Carl Loeser and Otto Loeser. Judgment for defendants, and plaintiff brings error. Appeal dismissed.

*A. C. Beeman,* for plaintiff in error.

*Parker & Simons, Titus & Talbot,* and *A. R. Carpenter,* for defendants in error.

Opinion by BRETT, C.   This action was filed by the plaintiff in error, Frank Loeser, in the district court of Alfalfa county, to cancel a deed, made by Carl Loeser, one of the defendants in error, to Otto Loeser, the other defendant in error, to certain real estate described in the petition.   The grounds upon which the deed is asked to be canceled are that the plaintiff in error on February 28, 1912, obtained a judgment for $2,000 against Carl Loeser, and that the transfer of said real estate was fraudulently made in order to defeat the collection of this judgment.   Defendant Carl Loeser died January 17, 1913. His death was duly suggested, and this action revived in this court against his personal representatives.

This court will take judicial knowledge of the fact that the above-named judgment for $2,000 has recently

been reversed by this court, and that the judgment was obtained in an action for malicious prosecution. See *Dunnington v. Loeser,* 48 Okla. 636, 149 Pac. 1161, 150 Pac. 874.

Since that judgment has been reversed, this cause presents only a moot question. Under the statutes of Oklahoma, an action for malicious prosecution abates on the death of the defendant. Rev. Laws 1910, section 5280. Consequently, the cause of action for malicious prosecution is dead, and cannot be tried again. And since by the judgment and decree of this court the plaintiff in error has lost his judgment, which was the basis of this action, and under the statute he cannot have another recovery on that cause of action, there is nothing to be gained by the appeal in this suit. It now presents only a moot question, and no purpose can be served by further proceedings. And this court holds that hypothetical questions disconnected from the granting of actual relief, further than the awarding of costs on appeal, will not be decided by this court. *McCullough et al. v. Gilcrease,* 40 Okla. 741, 141 Pac. 5; *State ex rel. Lozier v. Bogle et al.,* 40 Okla. 740, 140 Pac. 1153.

We therefore recommend that the appeal be dismissed.

By the Court: It is so ordered.