## KILLOUGH v. FT. SUPPLY TELEPHONE & TELEGRAPH CO.

No. 6409.　Opinion Filed February 1, 1916.

(154 Pac. 1192.)

**APPEAL AND ERROR**—Scope of Review—Hypothetical Questions. Abstract or hypothetical questions disconnected from the granting of actual relief, or from the determination of which no practical relief can follow, except the awarding of the costs, will not be determined on appeal, but the cause will be dismissed.

(Syllabus by Galbraith, C.)

*Error from District Court, Harper County;*
*W. C. Crow, Judge.*

Action by the Ft. Supply Telephone & Telegraph Company against Thomas A. Killough. Judgment for plaintiff, and defendant brings error. Dismissed.

*B. S. Smedley, C. W. Hofmeister,* and *R. H. Nichols,* for plaintiff in error.

*E. J. Dick* and *M. W. McKenzie,* for defendant in error.

Opinion by GALBRAITH, C. The Ft. Supply Telephone & Telegraph Company commenced this action in the trial court against Thomas A. Killough, praying for an order restraining him from severing, cutting, or otherwise removing and injuring its local and long distance telephone wires extending across Broadway street, in the town of Laverne, Harper county, Okla., and for damages. The petition alleged in brief:

That the plaintiff was a corporation, and "had installed and operated a telephone in the town of Laverne, Harper county, Oklahoma, in which a local and long-distance business is transacted; that the telephone building in which said exchange is situated in said town of Laverne is adjacent to the alley on Broadway, one-half block south of Main street; that said telephone company has its line of wires, consisting of about 80 wires, local and long distance or toll wires, extending across the street at said alley on said Broadway used in the operation of said telephone business; that said wires are at usual and proper distance from the ground, and that the same are wholly necessary for the successful operation of said telephone exchange business; that said Thomas A. Killough was at the time of filing said petition engaged in the moving of a building in said town of Laverne, and had moved said

building upon Broadway street in said town, and was approaching said telephone wires, and had threatened to cut each and all of said 80 telephone wires when he reached same with said building, which defendant in error alleges was to be about 6 o'clock p. m. Saturday, January 3, 1914; that it was unnecessary for plaintiff in error in moving said building from its original location to its destination to travel upon Broadway street in said town, and that plaintiff in error was doing the same with a willful and malicious design of injuring the property of said telephone company and impairing its business; that said plaintiff in error, unless enjoined by law, would cut said wires and greatly injure the property of defendant in error to the extent of $500, and damage and impair said company's business by reason thereof in the sum of $1,000; that said plaintiff in error is unable to respond in damages, and defendant in error had no adequate remedy at law, and, unless said plaintiff in error was restrained and enjoined from cutting said wires or interfering with said property, said defendant in error would suffer irreparable damages and injury."

A temporary restraining order was issued. At the hearing, after the plaintiff had introduced its evidence and the defendant was on the stand, having been fully examined, the court announced that further testimony was not necessary, that he was convinced that the plaintiff had a right to a restraining order at the commencement of the suit, and that the defendant also had a right to move the building along the street and to cut and remove plaintiff's wires, provided he would pay the damages occasioned thereby, or give bond that he should do so. The record reads as follows:

"The Court: It would not be worth while for you to go any further in this thing, because I have made up my mind to let this man take this house through there and

pay the expense of cutting those wires; that is the conclusion I have come to. Now, if you can figure out what the expense is.

"Mr. Dick: We can't tell about that. If he will give bond here to pay the damages—

"The Court: I take it that you can do that?

"The Witness: Yes, sir; I can put up any reasonable sum.

"The Court: Make it $200 to cover all of the damages that will be sustained by the telephone company in crossing those wires."

The journal entry of judgment reads, in part, as follows:

"It is therefore considered, ordered, and adjudged by the court that the temporary injunction or restraining order heretofore issued out of said court on the 31st day of January, 1914, be, and the same is hereby, continued in full force and effect until such time as said defendant, Thomas A. Killough, shall make, execute, and file in said district court a good and sufficient bond in the sum of $200, conditioned that said defendant would pay the costs and expenses which said plaintiff may sustain by reason of cutting said wires, for the purpose of permitting said defendant, Thomas A. Killough, to move said building along said streets in the town of Laverne, Okla., to a place where said building is to be located by said defendant, said bond to be approved by the clerk of the district court, and upon the giving and approving of said bond said injunction order shall be of no force and effect.

"It is further ordered by the court that the defendant, Thomas A. Killough, pay the costs of this action taxed by the clerk of this court in the sum of $47.80, for which sum let execution issue."

It will be observed that no exceptions were saved by the plaintiff in error to the action of the court in suspending the trial, and announcing his conclusions, and also that no exceptions were saved to the journal entry of the judgment embodying said conclusions. It would therefore appear that the action of the court and the judgment entered in this cause were by consent, and that the judgment was entered with the approval of all parties to the suit, or at least without objection from either party. However, within the three days allowed by statute the plaintiff in error filed a motion for a new trial, and set out therein that he was surprised at the action of the court in taxing him with the costs of the cause, and that he could not have anticipated this action on the part of the court; that he had prepared the bond required by the order of the court, and had same ready to file, but when he found that he had been taxed with the costs he refused to have said bond approved and filed by the clerk, and elected to appeal from the judgment to the Supreme Court.

It therefore appears from the record that no exceptions were saved from which the judgment of the trial court can be brought to this court for review. It also appears that the only matter in controversy between the parties was the payment of costs, and that this is a question that cannot be brought to the Supreme Court for review in the manner attempted in this suit is settled by a long line of decisions of this court. In *State ex rel. Losier v. Bogle et al.,* 40 Okla. 740, 140 Pac. 1153, the court said:

"As it appears from the journal entry that the hearing was for the purpose only of taxing the costs, we decline to say whether the court erred in quashing the writ,

for the reason that a determination of that question can only be useful in determining who should pay these costs. This case is ruled by *Fisher v. Lockridge,* 35 Okla. 360, 130 Pac. 136, where we said: 'Abstract or hypothetical questions disconnected from the granting of actual relief, or from the determination of which no practical relief can follow, except the awarding of the costs, will not be determined on appeal, but the cause will be dismissed.'"

See, also, *Loeser v. Loeser,* 50 Okla. 249, 150 Pac. 1045; *Standard Stone Co. v. Greer et al.,* 52 Okla. 595, 153 Pac. 640; *Crigler v. Nichols,* 51 Okla. 707, 152 Pac. 343.

Inasmuch as it clearly appears from the record that the only relief the court could grant in the instant case would be in regard to costs, and that therefore the question presented by the appeal is purely moot or hypothetical, and since the jurisdiction of this court cannot be invoked to decide such question, we recommend that the appeal be dismissed.

By the Court: It is so ordered.