Thomason, Co. Treas., v. Board of Com'rs of Delaware County.

THOMASON, *County Treasurer,* v. BOARD OF COM'RS
OF DELAWARE COUNTY.

No. 6100.  Opinion Filed February 29, 1916.

(155 Pac. 881.)

**APPEAL AND ERROR—Moot Question—Dismissal.** Where the time
over which the controversy arose has expired, and no practical
relief can be gained by a decision, the cause becomes moot, and
will be regarded as abstract and hypothetical. and not necessary
for decision, and will be dismissed.

(Syllabus by Watts, C.)

*Error from District Court, Delaware County;*
*John H. Pitchford, Judge.*

Action by the Board of County Commissioners of
Delaware County against J. D. Thomason, County Treas-
urer of Delaware County.  Judgment for plaintiff, and
defendant brings error.  Dismissed.

*Ad. V. Coppedge* and *J. G. Austin,* for plaintiff in
error.

Opinion by WATTS, C.  The defendant in error,
board of county commissioners of Delaware county, plain-
tiff below, filed its motion for writ of mandamus in the
district court of Delaware county against plaintiff in error,
J. D. Thomason, county treasurer, defendant below, to
compel him to comply with a resolution of the board bear-
ing date of October 8, 1913, whereby certain solvent banks
had been designated as county depositories, and none other,
and rescinding all resolutions, orders, etc., theretofore
made relative to county deposits and depositories.  The
bank designated had complied with the law relative to
becoming a depository, etc., notice of all of which had been
served on the county treasurer, but he refused to comply

with the resolution, and had $20,000 of the county money deposited in a bank not so designated by the resolution. The county treasurer returned the writ, showing that on February 4, 1913, the board of county commissioners had, among others, designated the bank in which he had deposited the $20,000 as a county depository (for a term of one year from date), and that he was receiving therefrom 5½ per cent. interest on daily balance, whereas the latter designated depositories were to pay a smaller rate of interest; that he was a servant of the people; had given a good and sufficient bond for the faithful performance of his duty, and that his action was not subject to the control of the board of county commissioners, and that it was his duty to deposit the funds in the bank paying the highest rate of interest, etc. On November 11, 1913, the court, on final hearing, granted peremptory writ against the county treasurer, from which he appeals.

But, as the time over which the controversy arose has expired, and no practical relief can be gained by a decision, the case becomes moot, and will be regarded as abstract and hypothetical, and not necessary for decision, and will be dismissed. *Chicago, R. I. & P. Ry. Co. v. State,* 43 Okla. 368, 143 Pac. 37.

By the Court: It is so ordered.