## DELAWARE COUNTY v. BOARD OF COM'RS OF DELAWARE COUNTY.

No. 6101.   Opinion Filed February 29, 1916.

(155 Pac. 881.)

**APPEAL AND ERROR—Dismissal—Hypothetical Case.**   Syllabus sa: ˄ as in **J. D. Thomason, Co. Treas. of Delaware Co., Okla.. v. Board of Co. Com'rs of Delaware Co., Okla.,** ante, p. 79, 155 Pac. 881.

(Syllabus by Watts, C.)

*Error from District Court, Delaware County;*
*John H. Pitchford, Judge.*

Appeal by the County of Delaware from the action of the Board. of County Commissioners of Delaware County.   From the judgment, the County brings error. Dismissed.

*E. B. Hunt,* Co. Atty., *Ad V. Coppedge,* and *J. G. Austin,* for plaintiff in error.

Opinion by WATTS. C.   On February 4, 1913, the board of county commissioners of Delaware county passed a resolution designating certain state banks as county depositories, and directed the county treasurer to deposit one-half of the county funds in said banks, deposits to draw 3 per cent. interest, and the remaining one-half of the funds to be let for one year to the bank paying the highest rate of interest.   The First National Bank of Grove bid 5½ per cent. on daily balances, and was declared a county depository.

On February 5, 1913, the board of county commissioners passed a resolution directing the county treasurer to deposit one-half of the county funds in the bank last

mentioned.   On October 8, 1913, the board of county commissioners passed the following resolution:

"Be it resolved by the board of county commissioners of Delaware county, Okla.:

"That said board finds the following banks situated in Delaware county, Okla., are responsible and qualified to become depositories, viz.:   First State Bank of Row, Row, Okla., First State Bank of Jay, Jay, Okla., Bank of Kansas, Kansas, Okla., First State Bank of Bernice, Bernice, Okla., Citizens' Bank of Grove, Grove, Okla.   And the board has taken from each of said banks a bond in the amount and condition as required by law, and each of said banks is hereby designated as a county depository, and the treasurer of the county is authorized, required, ordered, and directed to use each of said banks, and none other, as county depositories, and each of said banks is required to comply with the conditions of its bond and to pay interest at the rate of 4 per cent. per annum on average daily balance, and shall credit the treasurer monthly with the interest as required by law.

"All other resolutions, orders, and commands with reference to said county deposits and depositories are hereby rescinded.

"E. B. Hunt, as county attorney, is hereby ordered and directed to immediately institute the proper proceedings to compel the treasurer to comply with this order and resolution."

On petition of the requisite number of taxpayers the county attorney appealed to the district court from the resolution quoted.   The board of county commissioners filed motion to dismiss the appeal, which was sustained on November 8, 1913, from which an appeal is prosecuted.

But, as the time over which the controversy arose has expired, and no practical relief can be gained by a de-

cision, the case becomes moot, and will be regarded as abstract and hypothetical, and not necessary for decision, and will be dismissed. *Chicago, R. I. & P. Ry. Co. v. State,* 43 Okla. 368, 143 Pac. 37.

By the Court: It is so ordered.