### REED *et al.* v. MULLEN *et al.*

No. 4900.    Opinion Filed April 11, 1916.

(156 Pac. 1172.)

**APPEAL AND ERROR—Scope of Review—Hypothetical Questions— Dismissal of Appeal.** Plaintiffs were in possession of certain tracts of land under certain leases, and an action was commenced by them against the defendants to enjoin defendants from interfering with their possession of the lands during the term of the leases under which they held. Judgment was rendered for the plaintiffs, from which defendants appealed to this court. Pending the appeal plaintiffs' leases expired, and the only questions presented to the court by the appeal have now become abstract and hypothetical. It is an established rule of this court that abstract and hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no particular result can follow, other than the awarding of the costs of the appeal, will not be decided by this court.

(Syllabus by Wilson, C.)

*Error from District Court, Carter County;*
*S. H. Russell, Judge.*

Action by J. S. Mullen and others against J. S. Reed and another. Judgment for plaintiffs, and defendants bring error. Dismissed.

*Tom Norman* and *H. A. Ledbetter,* for defendants in error.

*J. E. Whitehead, in pro. per.*

Opinion by WILSON, C. Defendants in error had possession of certain tracts of land which they claimed to hold by right of certain leases, the lease under which they held which had the longest time to run being conditioned, by its terms, to expire October 29, 1914. This action was instituted in the district court to obtain an injunction against the plaintiffs in error restraining them from trespassing on said land during the terms of the leases under which defendants in error claimed the right of possession. Defendants in error were plaintiffs in the lower court, and the plaintiffs in error were defendants.

The utmost extent to which any judgment plaintiffs might obtain on the allegations of their petition could go would be to enjoin defendants from trespassing on the lands involved in the action during the terms of the leases under which plaintiffs claimed to hold; in other words, the plaintiffs did not claim their right of possession to extend beyond October 29, 1914, and it was not the purpose of the action to procure the defendants to be restrained from trespassing on the land after that time.

Soon after the action was commenced a temporary writ of injunction was granted the plaintiffs. Within three days after said temporary writ was granted the defendants filed what they denominated a "motion for new trial," praying that said temporary writ of injunction be set

aside and a new trial granted. Upon said "motion for new trial" being heard, the same was overruled, and it was from the judgment of the court overruling the "motion for new trial" that this appeal was lodged in this court on March 13, 1913.

On July 24, 1915, the plaintiffs, now defendants in error, filed their answer brief in this court, and, among other things, urged that the question involved in the litigation had become "moot" by reason of the fact that the time during which plaintiffs claimed the right of possession of the lands involved in the controversy had long since expired, to wit, on October 29, 1914, and that it was not the purpose of the action to restrain defendants' entry on the land after that time. We are inclined to take this view of the case and dismiss the appeal.

It is an established rule of this court that abstract or hypothetical cases, disconnected from the granting of actual relief, or from the determination of which no particular result can follow, other than the awarding of the costs of the appeal, will not be decided by this court. *Loomer v. Scott*, 43 Okla. 212, 141 Pac. 1107. See, also, *Canadian Trading Co. v. Ralls*, 42 Okla. 759, 142 Pac. 1033.

The facts involved in the latter case are very similar to the facts of this case.

We recommend that the appeal be dismissed.

By the Court: It is so ordered.