PARRISH v. SCHOOL DIST. NO. 19 et al.

No. 9188—Opinion Filed March 5, 1918.

(171 Pac. 461.)

(Syllabus.)

1. Appeal and Error — Moot Question — Dismissal.

When the question presented by an appeal has become moot, the appeal will be dismissed.

2. Injunction—Acts Already Done.

A court will not entertain an action to enjoin a party from doing that which he has already done.

Error from District Court, Pawnee County.

Action for injunction by G. W. Parrish against School District No. 19 and others. From an order dissolving the injunction and dismissing the case, after remand from the Supreme Court, plaintiff brings error. Dismissed.

Shoemaker & Rowe, for plaintiff in error.

Redmond S. Cole, for defendants in error.

BRETT, J. The defendants in error move to dismiss this appeal on the ground that the question involved in the appeal has become moot.

The facts are that school district No. 19 of Pawnee county in 1916 was taking steps to condemn a portion of the land of plaintiff in error for a site upon which to erect a school house. The plaintiff in error obtained an injunction, perpetually enjoining

the school district from proceeding further with the condemnation proceedings. The school district appealed from this judgment, and this court reversed the same, and remanded the cause for further proceedings. On May 7, 1917, the mandate of this court was spread of record, and the trial court then took the matter up and entered judgment, dissolving the injunction and dismissing the case. Plaintiff in error appealed from the judgment of the court dissolving the injunction, but took no steps to supersede the judgment. After the injunction was thus dissolved, and the judgment dissolving it was not superseded, the school board proceeded with the condemnation proceedings, had the site condemned, and paid the condemnation money into court. No appeal was taken from the condemnation proceedings, and the school board have erected and completed a school building costing some $15,000 upon the grounds condemned.

Under these conditions, the appeal now pending can serve no purpose, and presents only a moot question. But the plaintiff in error insists that the question is not moot, for the reason "that the whole proceedings had before the trial court are void; that the court did not have jurisdiction; that the defendants in error did not comply with the statutes, * * * and are proceeding under a void judgment." Assuming without deciding that all this is true, we are unable to see how the pending action could possibly afford the plaintiff in error any substantial relief. For a court will not go through a farce of enjoining a party from doing that which he has already done. For even though the act done may have been unlawful, or, if lawful, done in an illegal way, an action in injunction could not possibly afford any relief after the act has been accomplished.

And even granting the trial court in the instant case erred in dissolving the injunction, it was nevertheless dissolved, and the order dissolving it was never superseded; and thereafter the defendant in error proceeded to do, and did do, the very thing plaintiff in error sought to enjoin. Consequently, since the acts sought to be enjoined have become an accomplished fact, injunction can afford the plaintiff in error no relief, and the question presented by this appeal has therefore become moot.

The appeal is dismissed.

All the Justices concur.