## SANDERS v. CITY OF TULSA et al.

No. 10871—Opinion Filed Nov. 21, 1922.

(Syllabus.)

**1. Appeal and Error — Dismissal — Moot Questions.**
When the question presented by the appeal has become moot, the appeal will be dismissed.

**2. Same — Mandamus to Secure Building Permit.**
This is an action for mandamus to require the building inspector of the city of Tulsa to issue a building permit for the repair of a certain building. The trial court refused the writ, and the applicant appealed. Section 44 of the charter provides the application must be made by the owner or his duly authorized agent. Pending the appeal the applicant has sold and disposed of all his interest in said property. Held, the question involved on appeal becomes moot, and the case will be dismissed.

Error from District Court, Tulsa County; Owen Owen, Judge.

Mandamus by G. W. Sanders against the City of Tulsa and another. Judgment for defendants, and plaintiff brings error. Dismissed.

H. B. Martin and R. A. Reynolds. for plaintiff in error.

I. J. Underwood and Harry L. S. Halley, for defendants in error.

McNEILL, J.   G. W. Sanders commenced this action in the district court of Tulsa county against the city of Tulsa and Tom Clark, building inspector, to require the city of Tulsa and Tom Clark to issue a permit to said G. W. Sanders to repair a certain building on the west part of lot 4, block 38, city of Tulsa. An alternative writ of mandamus was issued, and upon final hearing the writ of mandamus was denied. From the order denying the writ, the plaintiff, G. W. Sanders, appealed.

The defendants have filed a motion to dismiss the appeal and attached thereto copies of deeds showing the plaintiff has disposed of the lot since the rendition of the judgment in the lower court, pending the appeal to this court, and no longer has any interest therein, therefore can no longer have an interest in having the permit issued, and the question involved in this appeal is moot. No response has been filed to the motion to dismiss.

Section 44 of the city ordinance provides in part as follows:

"The application for permit required by section 43 of this article shall be made by the owner or his authorized agent to the building inspector."

The plaintiff, not being the owner of said lot, is not entitled to a permit.   The courts uniformly hold that where the issues have become moot and no practical relief will be afforded by reversal. the case will be dismissed.   See Parrish v. School Dist. No. 19, 68 Oklahoma, 171 Pac. 461; Reed v. Mullen, 57 Okla. 179, 156 Pac. 1172; Thomason v. Board of County Commissioners of Delaware Co., 56 Okla. 81, 155 Pac. 881; Wood v. Morrisett, 42 Okla. 752, 143 Pac. 1101.

For the reasons stated, the appeal is therefore dismissed.

KANE, JOHNSON, MILLER, KENNA-MER, and NICHOLSON, JJ., concur.