**STATE ex rel. FREEMAN, Mayor, et al. v. CHAMPION, District Judge, et al.**

No. 11959—Opinion Filed Oct. 9, 1923.

1. **Appeal and Error — Dismissal — Moot Questions.**
When the question presented to this court has become moot, the proceeding will be dismissed.

2. **Same.**
Abstract or hypothetical questions, from the determination of which no practical re-

lief can follow, except the awarding of the costs, will not be determined by this court, but the cause will be dismissed.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Original action in the Supreme Court of the State of Oklahoma for a writ of prohibition by State of Oklahoma ex rel. W. F. Freeman, Mayor, et al. against Thomas W. Champion, Judge of the District Court of Carter County, Okla., et al. Dismissed.

I. R. Mason and George A. Ahern, for relators.

H. A. Ledbetter and Mathers & Coakley, for respondents.

Opinion by THOMPSON, C. This is an original action, instituted in this court by the relators filing their petition for a writ of prohibition against the respondents, Thomas W. Champion, district judge, and J. M. Chancellor, chief of police of the city of Ardmore, Okla., prohibiting Thomas W. Champion, as judge of the district court of Carter county, Okla., from exercising jurisdiction over the action of the mayor and city commissioners of Ardmore in discharging J. M. Chancellor as chief of police of said city setting up that the charter of the city of Ardmore, Okla., provides that at each biennial election there shall be elected a chief of police. among the officers elected for said city, who shall hold office for a term of two years and until his successor is elected and qualified, unless he shall be removed sooner, or become disqualified, and setting up the duties of said officer; that, upon charges having been filed before said mayor and commissioners against the said J. M. Chancellor, upon a proper hearing had that the said J. M. Chancellor, had been discharged from the office of chief of police of the said city of Ardmore. and that said J. M. Chancellor had filed petition for a writ of certiorari in the district court of Carter county, Okla., presided over by Thomas W. Champion, judge of said court; that said writ of certiorari had been issued by the said Thomas W. Champion, judge of said court, on the 24th day of September, 1920, and he had assumed and retained jurisdiction over said cause and was preventing the relators from exercising their duties and functions, under the ordinances of the city of Ardmore, and preventing the commissioners from interfering with the chief of police, J. M. Chancellor, in the exercise of the duties of, or controlling, said office. all of which acts of the said Thomas W Champion, district judge aforesaid, are without authority of law and that the said court is without power to review the action

of the relators, and ask that a writ of prohibition issue out of this court.

On December 24, 1920, a response was filed in this court to the petition, and on December 31, 1920, brief of relators was filed, and on January 17, 1921, brief was filed on behalf of the respondents and from that date no other or further action has been taken by the parties or the court in this cause, until it was assigned for disposition to Commissioners' Division No. 5, on the 31st day of July, 1923, and by it set down for oral argument for the 17th day of September, 1923, and notice given to the parties to the action of the said hearing. Neither party appearing in person, or by counsel, at said oral hearing, the cause was submitted upon the record and briefs of counsel for decision.

Upon a thorough examination of the record, it appears that the conditions set forth in the petition for the writ no longer exist, for the reason that the term of office of J. M. Chancellor, chief of police, has long since expired and a biennial election has been held since all the acts complained of, and a decision upon the facts and record in this case can serve no purpose. The cause presents only a moot question and we are unable to see how the pending action could possibly afford the relators any substantial relief and this court will not go through the novel proceedure of issuing a writ of prohibition, at this time. after the lapse of nearly three years, when no good purpose can be subserved thereby. For even though the acts done may, or may not, have been unlawful, or if lawful, may or may not have been done in an illegal way, an action for a writ of prohibition can not possibly afford any relief, as the term of office. of the chief of police in this case has already expired and a new election held. Killough v. Ft. Supply Telephone & Telegraph Co., 55 Okla. 108, 154 Pac. 1192; Parrish v. School Dist. No. 19 et al., 68 Okla. 42, 171 Pac. 461.

Consequently, since the prohibition of the acts sought to be prohibited can afford the relators no relief and the question presented by this proceeding has become moot, this case should be and is hereby dismissed.

By the Court: It is so ordered.