### MEESE v. De ARMAN.

No. 13193—Opinion Filed Dec. 4, 1923.

Rehearing Denied Feb. 19, 1924.

**Appeal and Error—Dismissal—Moot Questions.**

Where the time over which the controversy arose has expired and no particular relief to be given by a decision, the cause becomes moot and will be regarded as abstract and hypothetical and not necessary for decision, and will be dismissed.

(Syllabus by Maxey, C.)

Commissioners' Opinion, Division No. 1.

Error from County Court, Greer County.

Action by T. S. DeArman against S. B. Meese. Judgment for plaintiff, and defendant appeals. Affirmed.

Vandyke & Arnett, for plaintiff in error.

H. D. Henry, for defendant in error.

Opinion by MAXEY, C.  This action was brought by T. S. DeArman, defendant in error, hereafter called plaintiff against S. B. Meese, plaintiff in error, hereafter called defendant, in the county court of Greer county, Okla., on a note secured by a chattel mortgage. The defendant files his answer unverified, and the only relief asked was that the mortgage be not foreclosed until a certain suit of S. B. Meese against T. S. DeArman, being the same parties as in this case, be not heard until the final trial of a cause in the district court of Greer county, Okla. It appears that prior to the beginning of this suit, Meese had sued DeArman in the district court of Greer county, case No. 3513, for the sum of $642, the amount claimed due him for cotton sold to DeArman, and he asked that proceedings in this case be stayed until that case be tried

and determined, and the money recovered on the judgment in the case in the district court be applied on the note and chattel mortgage sued on in this case. This was denied by the trial court and judgment entered in favor of the plaintiff below for the amount due on said note and ordered the property described in the chattel mortgage sold to satisfy said judgment. An appeal is prosecuted from the judgment in this case to this court, and the case is now reached for hearing. A certificate of the court clerk of Greer county has been filed, with the brief of defendant in error, which said certificate shows that the case mentioned in the answer of the defendant, being the case of S. B. Meese, plaintiff, and T. S. De-Arman, defendant, No. 3515, in the district court of Greer county, was tried before the court and a jury on the 26th day of September, 1922, and the findings of the jury were for the defendant, and judgment was entered on the verdict against the plaintiff, and that no appeal has ever been taken in said case and judgment has become final. As before stated, the only relief asked by the defendant was that the trial of this case be postponed until the trial of the case in the district court. The defendant admitted the execution of the note sued on in this case and also the chattel mortgage; and as the case in the district court has been tried and decided adversely to the defendant in this case the purpose for which the defendant asked the case to be postponed has been eliminated by the judgment in the case in the district court and there is nothing for this court to act upon, and the question once involved has become moot.

This court has, by a long line of decisions, held that where a case becomes moot, it will be regarded as abstract and hypothetical and will be dismissed, and there is no purpose that could be subserved by a reversal of this case, as Meese admitted the debt sued on in this case, and the other case in the district court having been determined adversely to him since the trial of this case, this case has clearly become a moot question, and under the authority of Killough v. Ft. Supply Telephone & Telegraph Co., 55 Okla. 198, 154 Pac. 1192, and Thomason, County Treasurer, v. Board of County Commissioners of Delaware County, 56 Okla. 79, 155 Pac. 881, the appeal will be dismissed.

By the Court: It is so ordered.