## In re FRED A. BROWN.

No. 14348—Opinion Filed Dec. 4, 1923.

1. **Appeal and Error — Dismissal — Moot Questions.**

When the question presented to this court has become moot, the proceeding will be dismissed.

2. **Same.**

Abstract or hypothetical questions, from the determination of which no practical relief can follow, except the awarding of the costs, will not be determined by this court, but the cause will be dismissed.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Original action in the Supreme Court of the State of Oklahoma for a writ of habeas corpus by Fred A. Brown. Dismissed.

A. E. Allen and W. E. Latimer, for petitioner.

Mike Foster, for respondent.

Opinion by THOMPSON, C. This action was commenced by Fred A. Brown filing his petition in this court as an original action, asking for a writ of habeas corpus and to be discharged from custody in the county jail of Oklahoma county. Petition was filed on May 21, 1923, and the cause referred by the Supreme Court to Division No. 3 of the Supreme Court Commission, before whom the cause was heard, one of the Commissioners being disqualified on account of having been connected with the litigation, and the other two being unable to agree, the cause was re-referred to Division No. 5 on the 9th day of October, 1923, and assigned to this Commissioner for an opinion on the 23rd day of October, 1923.

Attorneys for petitioner having informed the court and this division that since the filing of said petition the acts complained of in said petition have become moot, as petitioner has been released from the county jail of Oklahoma county, and there is nothing now before this court for determination which would give any practical relief to the petitioner, and, under the decisions of this court, found in the cases of Killough v. Ft. Supply Telephone and Telegraph Co., 55 Okla. 198, 154 Pac. 1192; Parrish v. School District No. 19 et al., 68 Okla. 42, 171 Pac. 461, it was decided, in effect, that, though the acts complained of may or may not have been unlawful, or, if lawful, may or may not have been done in an illegal way, under the state of facts in this case a writ of habeas corpus cannot possibly afford any relief, as the petitioner has already been released from custody and is no longer deprived of his liberty.

Consequently, since the writ of habeas corpus can afford the petitioner no relief and the question presented by this proceeding has become moot, this cause should be and is hereby dismissed.

By the Court: It is so ordered.