### ARINWINE et al. v. SAWNER et al.

No. 15843—Opinion Filed Sept. 29, 1925.

Rehearing Denied Nov. 10, 1925.

**1. Appeal and Error — Dismissal — Moot Questions.**

When the question presented by an appeal has become moot, the appeal will be dismissed.

## 2. Injunction—Acts Already Done.

A court will not entertain an action to enjoin a party from doing that which he has already done.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Lincoln County; Hal Johnson, Judge.

Action by A. N. Arinwine et al. against Mrs. L. L. Sawner et al. Judgment for defendants, and plaintiffs bring error. Dismissed.

Erwin & Erwin, for plaintiffs in error.

Andrews & Andrews and Emery A. Foster, for defendants in error.

Opinion by THOMPSON, C. This action was commenced in the district court of Lincoln county, Okla., by A. N. Arinwine, H. Benford, and G. H. Hudson, plaintiffs in error, plaintiffs below, against Mrs. L. L. Sawner, Paul Prince, county treasurer of Lincoln county, Walter Smith and J. E. Hereford, as president and clerk, respectively, of the board of education of the city of Chandler, Okla., and Carl Wright, as treasurer of school district No. 8, of Lincoln county, Okla., defendants in error, defendants below, for judgment declaring that Mrs. L. L. Sawner had no legal right to teach a certain school in the city of Chandler during the current school year of 1924 and 1925, and for a restraining order against her prohibiting her from teaching or superintending said school or receiving any salary therefor, during said period, and that the other defendants be restrained and enjoined from issuing any warrant to said defendant or paying same from the funds provided for said school, and for general relief and costs. After the original petition was filed certain answers were filed by some of the defendants, and a demurrer was filed by the defendant Mrs. L. L. Sawner, upon the grounds that the petition did not state facts sufficient to constitute an action against the defendant; that there was a misjoinder of parties plaintiff; that the plaintiffs had no legal capacity to sue; that it was an attempt to control the official discretion of the school board, and that the plaintiffs had a plain and adequate remedy at law. An amendment was filed to the petition, raising the constitutional question, in that the statutes, under which the board was acting, discriminated against the negro race, to which the plaintiffs belonged, and that said statutes deprived the plaintiffs of the privileges guaranteed to them by the state and federal Constitutions. To which amended petition, the demurrer heretofore

referred to was refiled, and upon hearing of said demurrer, the court sustained the same and the plaintiffs elected to stand upon their petition as amended, and the court thereupon dismissed the cause at the cost of the plaintiffs, which action of the court was duly excepted to by the plaintiffs, and the cause comes regularly upon appeal to this court from said judgment, sustaining said demurrer and dismissing the petition of the plaintiffs.

The parties will be referred to in this opinion as plaintiffs and defendants as they appeared in the lower court.

It will be observed from the statement heretofore made that this action was commenced to set aside a contract with the defendant Mrs. L. L. Sawner to teach a separate negro school and to be paid therefor for the scholastic year of 1924 and 1925, the contract ending by its own terms at the end of the scholastic year above mentioned. The demurrer to the petition was sustained by the court. The cause was appealed to this court and assigned to Division No. 5 on the 1st day of September, 1925, for an opinion. The contract, which was sought to be set aside and refused by the court, has long since expired. The term for which the defendant Mrs. L. L. Sawner was to teach, and for which she was to be paid, under the contract, has already expired. This court cannot enjoin the defendants from doing what has already been done and a decision of this case could not possibly afford the plaintiffs any substantial relief. Even though the act done may have been unlawful, or if lawful, done in an illegal way, an action to declare a contract illegal and for an injunction could not possibly afford the plaintiffs any relief after the act has already been accomplished. Consequently, since the acts sought to be enjoined have become accomplished facts, were we to declare the court's refusal to grant the injunction was error, it cannot afford any relief, and the question has, therefore, become moot. This upon authority of the case of Parrish v. School District No. 19 et al., 68 Okla. 42, 171 Pac. 461, which holds:

"When the question presented by an appeal has become moot, the appeal will be dismissed.

"A court will not entertain an action to enjoin a party from doing that which he has already done."

To the same effect are the cases of Patterson v. Riley, 46 Okla. 205, 148 Pac. 169; Killough v. Ft. Supply Telephone & Telegraph Co., 55 Okla. 198, 154 Pac. 1192; State

ex rel. Freeman v. Champion et al., 92 Okla. 282, 219 Pac. 99.

We are, therefore, of the opinion that the appeal in this case should be and it is hereby dismissed.

By the Court: It is so ordered.

Note.—See under (1) 4 C. J. p. 575, § 2383. (2) 32 C. J. pp. 45, § 24, 75, §61.