## BOWLES v. CLARK.

No. 15648—Opinion Filed Nov. 17, 1925.

(Syllabus.)

**Appeal and Error—Dismissal — Moot Questions.**

When the question presented by an appeal has become moot, the appeal will be dismissed.

Error from District Court, Carter County; W. F. Freeman, Judge.

Action by Georgia Bowles for writ of mandamus to Arch Clark, County Registrar of Carter County. From a judgment sustaining the demurrer of the defendant to the petition of plaintiff, and dismissing the plaintiff's case, the plaintiff brings error. Dismissed.

Sigler & Jackson, Ledbetter & Ledbetter, and Coakley & Mathers, for plaintiff in error.

Kirby Fitzpatrick, Brett & Brett, and H. A. Stanley, for defendant in error.

MASON, J. This action was commenced in the district court of Carter county by the plaintiff in error, Georgia Bowles, hereafter referred to as the plaintiff, against the defendant in error, Arch Clark, hereafter referred to as the defendant, to compel the defendant, as county registrar of Carter county, to rescind his order striking the plaintiff's name from the registration rolls of the voters of Carter county, Okla.

The plaintiff, in her petition, alleges that she is a citizen of the state of Oklahoma, and has resided therein for more than one year, and in Carter county for more than six months, and in the voting precinct in which she registered for more than 30 days; that at a recent registration held in Carter county she registered as a voter of said county, but that she had never registered prior thereto. Plaintiff then alleges that on August 2, 1924, the defendant, as county registrar, issued notice to her and many other voters of said county to appear before him on August 4, 1924, at 9:00 o'clock, a. m., and show cause why the names of such persons should not be stricken from the rolls of the registered voters of said county. It is further alleged that at 9:00 o'clock on said morning the defendant began calling the list of names of persons who had been so notified, and in the absence of said persons and without hearing any testimony he struck the names of said persons from said rolls of legal voters of said county. Plaintiff then alleges that said action on the part of the defendant was void for the reason that no proper notice was given as required by section 6259, C. O. S. 1921; that the persons who had made complaint against said voters were not called to testify or show that the plaintiff was not a legal voter.

The general demurrer of the defendant to the plaintiff's petition was sustained by the trial court, and upon refusal of the plaintiff to plead further, the case was dismissed, from which action the plaintiff has appealed.

An examination of the entire petition of the plaintiff discloses that the purpose of filing the case at bar was to have her name restored to the registration rolls of Carter county so that she might participate in the primary election held on August 5, 1924. Under these conditions the appeal now pending can serve no purpose, and we are unable to see how a decision on the merits of the case could possibly afford the plaintiff in error any substantial relief. This court in a long line of decisions has announced the rule that when the question presented by an appeal has become moot, the appeal will be dismissed. Parrish v. School District No. 19 et al., 68 Okla. 42, 171 Pac. 461.

If the plaintiff desires to have her name restored to the the rolls of the registered voters of Carter county so that she may participate in future elections, a plain, adequate, and speedy method is provided by section 6259, C. O. S. 1921, and this court will indulge the presumption that in case the plaintiff attempts to comply with said section the county registrar of Carter county will faithfully discharge his duties as therein provided.

For the reason stated, the appeal is dismissed.

NICHOLSON, C. J., BRANSON, V. C. J., and PHELPS, LESTER, HUNT, CLARK, and RILEY, JJ., concur.

Note.—See under (1) 4 C. J. p. 575, § 2383; 2 R. C. L. p. 169; 1 R. C. L. Supp. p. 424; 4 R. C. L. Supp. p. 87; 5 R. C. L. Supp. p. 77.