## ROPER et al. v. BOARD OF ED., CITY OF OKMULGEE, et al.

No. 21805.　Feb. 20, 1934.

above rule, we must assume that the contract has long since been performed.

The case of Arinwine v. Sawner, 112 Okla. 252, 240 P. 1042, presents a state of facts very similar to the facts involved here. The court therein said:

"When the question presented by an appeal has become moot, the appeal will be dismissed.

"A court will not entertain an action to enjoin a party from doing that which he has already done."

Tom Payne, R. S. Gamble, and M. A. Dennis, for plaintiffs in error.

L. L. Cowley, W. H. Peterson, and J. H. Stephens, for defendants in error.

OSBORN, J. This action was filed in the superior court of Okmulgee county by J. A. Roper, J. H. Nance, N. Z. Hays, J. M. White, D. A. Gallemore, J. E. Guess, and A. L. Wallace against the board of education of the city of Okmulgee, wherein it was sought to obtain an injunction to enjoin and restrain one W. H. Fort from performing the duties of principal of Dunbar High School in the city of Okmulgee under a contract between the said Fort and the board of education.

The cause came on for hearing before the court, and an objection to the introduction of evidence was sustained, a temporary restraining order theretofore issued was dissolved, and the action dismissed for lack of jurisdiction.

A supersedeas bond was executed for costs only. The judgment was not superseded nor stayed. In the case of Patterson v. Riley, 46 Okla. 205, 148 P. 169, it is said:

"When a temporary injunction is issued enjoining an officer from performing an official act, and on final hearing the temporary injunction is dissolved, and the time fixed for filing a supersedeas bonds, if no bond is filed, the order and judgment dissolving the temporary injunction becomes effective at the expiration of the time allowed for filing such bond, and the court will not presume that the officer has not performed the act enjoined. and will, if sufficient time has elapsed for the completion of said act, dismiss an appeal from the judgment dissolving the injunction on the ground that it presents only a moot question."

It is pointed out in the briefs that this action was filed September 4, 1930, and under the terms of the contract the said Fort was to enter upon his duties as principal of the school on September 8, 1930. Under the

See, also, Killough v. Ft. Supply Telephone & Telegraph Co., 55 Okla. 198, 154 P. 1192; State ex rel. Freeman v. Champion, 92 Okla. 282, 219 P. 99; Teter v. Board of Education of City of Drumright, 85 Okla. 16, 204 P. 129; Drummond v. City of Ada, 86 Okla. 32, 206 P. 200; Youngblood v. Incorporated Town of Wewoka, 95 Okla. 28, 225 P. 695; Parrish v. School District No. 19, 68 Okla. 42, 171 P. 461; Maxwell v. City of Tulsa, 145 Okla. 155, 292 P. 66; Goldsmith v. City of Ardmore, 136 Okla. 201, 277 P. 230.

The question presented has become moot. The appeal is dismissed.

RILEY, C. J., and SWINDALL, ANDREWS, and BUSBY, JJ., concur