**POINDEXTER et al. v. BOARD OF ED. OF INDEPENDENT SCHOOL DIST. NO. 39 et al.**

No. 25854.     Oct. 15, 1935.

C. B. Leedy and J. W. Burrow, for plaintiffs in error.

L. H. Clark and Perry J. Morris, for defendants in error.

WELCH, J. This action was instituted by the plaintiffs, as resident taxpayers of independent school district No. 39 of Gage, to restrain the defendant Jimmie Martin and the other defendants, as members of the school board of said school district, from opening or attempting to open the public schools of the district during the school period of the year 1934-1935. It is alleged that the defendant members of the school board had entered into an illegal contract with the defendant Jimmie Martin, as superintendent of the schools for the fiscal year involved. The action sought to enjoin the parties to the action from entering into the performance thereof.

The relief sought was denied by the trial court, whereupon plaintiffs appealed. Judgment of the trial court was not superseded.

This court will take judicial knowledge that the fiscal year 1934-35 has expired, and that the things sought to be enjoined have either been performed or are not now capable of being performed. It is well settled in this jurisdiction that where the time over which a controversy arose has expired and no practical relief can be gained by a decision, the cause will be regarded as abstract and hypothetical, and will be dismissed. Ellis v. Outler, 25 Okla. 469, 106 P. 957; Delaware County v. Board of Com'rs of Delaware County, 56 Okla. 81, 155 P. 881.

It is apparent here that a determination of the issues could afford plaintiff no particular relief, and that therefore the question has become moot. See Swindall v. State Election Board et al., 96 Okla. 40, 219 P. 942; Massey v. School District No. 58, Wagoner County, 101 Okla. 13, 222 P. 674; Moore v. City of Perry et al., 110 Okla. 8, 234 P. 625; Parrish v. School District No. 19 et al., 68 Okla. 42, 171 P. 461; Teter et al. v. Board of Education of City of Drumright, 85 Okla. 16, 204 P. 129; Doctors Oil Co. v. Adair et al., 83 Okla. 53, 200 P. 858; Fanning v. Board

of Education of City of Tulsa et al., 140 Okla. 252, 282 P. 1099; Miller et al. v. Ury, 23 Okla. 546, 102 P. 112; Watson, Mayor, v. Gill, 75 Okla. 147, 182 P. 493; Ham et al. v. McNeill et al., 27 Okla. 773, 117 P. 207.

In consideration of which the cause is dismissed.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS and CORN, JJ., concur.