### YOUNGBLOOD et al. v. INCORPORATED TOWN OF WEWOKA et al.

No. 13849—Opinion Filed July 17, 1923.

Rehearing Denied Oct. 9, 1923.

(Syllabus.)

1. Appeal and Error — Dismissal — Moot Questions.

When the question presented by an appeal has become moot, th eappeal will be dismissed.

2. Injunction—Acts Already Done.

A court will not entertain an action to enjoin a party from doing that which he has already done.

Error from District Court, Seminole County; Hal Johnson, Judge.

Injunction by M. S. Youngblood et al. against the Incorporated Town of Wewoka et al. Judgment for defendants, and plaintiffs bring error. Dismissed.

C. Dale Wolfe, for plaintiffs in error.

Thos. J. Horsley and Tom D. McKeown, for defendants in error.

HARRISON, J. This was an action by M. S. Youngblood et al. to enjoin the town of Wewoka, through its officials, from entering into a contract for a water works system. The court denied the injunction and plaintiffs below appealed to this court. In the meantime, there being no supersedeas bond, the contract sought to be enjoined has been let and ratified by the citizens of Wewoka.

On June 20, 1923, defendants in error filed motion to dismiss the appeal on the ground:

First. That the question presented by this appeal has now become a moot question.

Second. That the act sought to be enjoined in this action has been done. * * *

Under the above state of facts, the question involved has become moot. In such cases this court will dismiss the appeal. Doctors Oil Co. v. Adair, 83 Okla. 53, 200 Pac. 858; Teter v. Board of Education, 85 Okla. 16, 204 Pac. 129; Drummond v. City of Ada, 86 Okla. 200, 206 Pac. 200; Atkins v. Page, 86 Okla. 290, 208 Pac. 824.

The action being to enjoin officials from doing an act which has already been done, this court will not issue its mandate for injunction. Teter v. Board of Education; Drummond v. City of Ada, supra.

Under the facts in this case, and the foregoing authorities, the motion to dismiss is sustained. Appeal dismissed.

JOHNSON, C. J., and McNEILL, KENNAMER, and BRANSON, JJ., concur.