Note.—See under (1) 4 C. J. p. 1335, §27; p. 1366, §66 (Anno). (2) 21 C. J. p. 134, §117; p. 138, §119; 10 R. C. L. p. 370 et seq.; 2 R. C. L. Supp. p. 1007; 4 R. C. L. Supp. p. 663: 5 R. C. L. Supp. p. 552; 6 R. C. L. Supp. p. 600. (3) 4 C. J. p 900, §2869: 2 R. C. L. p. 193; 1 R. C. L. Supp. p. 442; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79: 6 R. C. L. Supp. 73. (4) 40 C. J. p 1172, §851; p. 1178, §869 (Anno). (5) 4 C. J. p. 877, §2853.

---

## LEININGER et al. v. WARD et al.

No. 18423.    Opinion Filed Aug. 2, 1927.

(Syllabus.)

1. **Highways—State Highway Commission—Powers and Discretion in Conformity With Law.**

By chapter 48, S. L. 1923-4, the State Highway Commission is created, and vested with powers and duties necessary to fully and effectively carry out all of the objects of the act, but the exercise of its powers and discretion and the enforcement of its rules and regulations must not be inconsistent with such act, or other laws of the state.

**2. Same—Contracts—Construction of Statute—"Lowest Responsible Bidder."**

Section 12 of said act provides: "All contracts for construction work upon the state highway system shall be let to the lowest responsible bidder, or bidders. * * *" Held, this language contemplates and implies competitive bidding.

**3. Same—"Competitive Bidding."**

The term "competitive bidding" means bidding upon the same undertaking, upon the same material items in the subject-matter, upon the same thing.

**4. Same—Prescribed Time for Completion of Work as Essential Element in Bids.**

By the provisions of said act, the time for completion of a contract for road construction is made an essential element in the proposals or bids upon the work to be done.

A rule requiring each bidder to name his own time and permitting each bidder to name a different time for completion of a given project is not consistent with the provisions and intendments of said act.

**5. Same—Injunction Against Consummating Contract Sustained Where Bidder Named Own Time.**

Where a proposal or bid wherein the bidder was authorized and required to name his own time for completion of the work, but where no contract has been entered into and no services rendered to the state for which the bidder would be entitled to compensation from the state, an injunction granted by the trial court, enjoining the Highway Commission from entering into and consummating such contract, will be sustained.

Error from District Court, Oklahoma County; T. G. Chambers, Judge.

Injunction by the Green-Boots Construction Company against Henry W. Leininger and others, constituting the State Highway Commission; T. E. Ward and others intervening. From an adverse judgment, defendants appeal. Affirmed.

Edwin Dabney, Atty Gen., and W. L. Murphy, Asst. Atty. Gen., for plaintiffs in error.

Owen, Armstrong, Short & Looney, for defendants in error.

HARRISON, J. This appeal is to reverse a judgment of the district court, wherein the State Highway Commission was enjoined from entering into a contract with a firm known as McGuire & Cavender for the construction of a highway project designated as Federal Aid Project 139.

The proceedings were begun by Green-Boots Construction Company, alleged competitive bidders for the construction work in question, but defendants in error, who were also alleged competitive bidders, were allowed to intervene, and the cause was tried upon the issues presented in their cross-petition, the issue being whether, under the statutes, time for the completion of the project is an essential item to be considered in determining the lowest bid.

Under the form of proposals or bids furnished by the Commission, each bidder is required to name the time in which he will complete the proposed work and each bidder is authorized to name a different time for completion.

Upon the project in question, viz, the construction of 18 miles of hard-surfaced road in Logan county, only three bids were submitted, to wit: Ward-Beekman & Brooks and H. L. Canady Company proposed to complete the project in four months for $483,617.03; Green-Boots Construction Company proposed to complete it in six months for $452,918.10 (this was rejected because of some defect in the proposal); and McGuire & Cavender proposed to complete it in twelve months for $444,776.50.

This last bid was accepted as the best bid, and this suit was brought to enjoin the Commission from awarding the contract to McGuire & Cavender on the grounds and with the result above stated.

The only question presented is whether the Commission should have named the time for completion and required each bidder to bid upon the same time as well as upon the same specification in other regards.

This identical question was before us and definitely passed upon in cause No. 18405, Flynn Construction Co. v. Leininger, 125 Okla. 197, 257 Pac. 374.

The same argument is made in this case that was made in the Flynn Case, supra, and the same authorities are cited in both cases. Both the argument and authorities were carefully considered in the Flynn Case, resulting in the conclusion set forth in the opinion in said case. We find no reason in the instant case for changing the conclusion reached in the Flynn Case, nor do we see any necessity for additional reasoning. The statute, chapter 48, S. L. 1923 4, comtemplates and implies competitive bidding and competitive bidding means bidding upon the same material items in the subject-matter, bidding upon the same thing, and, as was held in the Flynn Case, the statutes make time an essential element in bids upon high-

way construction, and to permit each bidder to name a different time for completion is to violate the purpose of the statutes.

We note, however, that the record herein contains testimony intending to show that more competition and better results are obtained by requiring each bidder to name his own time than by requiring all bidders to bid upon the same time for completion. It may be a fact that more bids and better bids are now obtained than were obtained in former years, when all bidders were required to bid upon the same time, but the record is by no means conclusive that the better results are due to the change in the form of bids. In fact, it tends to refute the correctness of such contention, especially when we consider the manifold increase in road construction and corresponding increase in number of contractors.

Besides, when we take into consideration the expense of maintaining a detour, which in the present case is 20 miles, the interest paid by the counties on outstanding bonds while they are doing without the roads, and the inconvenience and expense to the counties and also to the general public in doing without roads already paid for, we are not sure that the bid of $444,776.50 in 12 months is a better bargain to the public than the one for $483,617.03 in four months. And we cannot sustain the contention that the convenience of the public is immaterial. The public highways are built and maintained by the public and for the public, and when the public by paying automobile and gasoline taxes has contributed the money to build a road—in other words, when it has already paid for a road—it is entitled to have that road as soon as it can be built consistent with good business principles; hence the convenience of the public is a material matter and time of completion becomes an essential element in the matter, and the Legislature has provided accordingly. So if it were true that more bids could be obtained by disregarding the element of time and allowing each bidder to take his own time, then such fact should be presented to the Legislature rather than to the courts. Both the existing conditions and the Legislature have made time an essential element and the courts are not authorized to change the law.

While the bid in this case has been accepted as the lowest responsible bid, still no contract has been entered into, no work has been done nor material furnished for which the state should be obligated to pay, as was true in the Flynn Case, supra. No substantial detriment can result from a readvertisement for bids in conformity with the statutes. The judgment is therefore affirmed.

BRANSON, C. J., and MASON, CLARK, and RILEY, JJ., concur. HUNT and HEFNER, JJ., dissent.

HUNT, J. (dissenting). I dissent for two reasons:

First. I did not agee and do not now agree with that part of the Flynn Case holding that the time limit within which a road project is to be completed must be fixed by the Highway Commission and included in the advertisement for bids so that all contractors bid on the same time. The law, of course, places some discretion in the Highway Commission, and in my judgment a fair and liberal construction of that portion of the law providing that contracts should be let to the lowest responsible bidder and that the work should be completed in the shortest time possible consistent with good business management would require that the matter of fixing the time limit within which a project should be completed be left discretionary with the Commission. In other words, in some projects it might be advisable to fix the time limit within which the work must be completed, and in others not, this to be determined by the Commission in each particular instance in the exercise of its sound discretion. I concede, however, that this proposition is settled by the majority opinion in the Flynn Case.

Second. The record in this case shows that the bids on this project were opened by the State Highway Commission on April 12, 1927, and the contract was awarded to the successful bidder, McGuire & Cavender, on April 14, 1927.

It further appears that this work was advertised and contract awarded by the State Highway Commission under the same rules and regulations and in the same manner as the contract involved in Flynn Construction Co. v. State Highway Commission, 125 Okla. 197, 257 Pac. 374. That contract was let on October 12, 1926, and was held valid and binding by this court because same was entered into in good faith under a departmental construction of the law which had been in force for a substantial period of time and under which numerous other contracts had been made and carried out without question as to their validity.

The contract in the instant case, as above stated was awarded on April 14, 1927, at a time when the departmental construction

had been in force six months longer than when the contract involved in the Flynn Case was entered into. It is true that performance of the contract in the Flynn Case was more near.y complete, but in our judgment there can be no degrees as to performance, and the amount of performance under the contract is immaterial. The successful bidder in the instant case, in order to comply with the law, was required to put up with the Highway Commission a certified check equal to five per cent. of its bid, and has therefore, for practically four months, had a sum of money in excess of $40,000 in the hands of the Highway Commission, and had necessarily held itself in readiness to proceed with the work under the contract as awarded to it, and but for the injunction granted herein would doub.less have had the work well under way long before now.

The authorities holding that a departmental construction of a law when upheld by the courts, become a part of the law itself, are numerous. See Murphy v. Wabash R. R. (Mo.) 128 S. W. 481, and cases therein cited. The department construction of the highway law by the Highway Commission, having been approved by this court in the Flynn Case, has therefore become a part of the law itself. It seems therefore that, under the rule of departmental construction announced in the Flynn Case, supra, the contract involved herein, having been advertised and awarded under the same rules and regulations prescribed by the Highway Commission under the same construction of the law as obtained in the advertising and awarding of the contract in the Flynn Case, should for the same reasons be upheld. Important road projects should not be held up and delayed indefinitely unless it clearly appears that the law has not been complied with or that the State Highway Commission has abused its discretion, and in our judgment it does not so appear in the instant case, but. on the other hand, clearly appears, and has not been denied, that the Highway Commission acted in perfect good . faith herein under its construction of the law which has been in force for several months, and which construction was approved and upheld by this court in the Flynn Case, supra.

I am therefore of the opinion that the Flynn Case is ample authority for holding the contract awarded herein to be a valid and binding contract, and the injunction granted by the district court should be dissolved and this work allowed . to proceed under the contract as awarded on April 14th without further. delay.

I am authorized to state that Mr. Justice HEFNER concurs with the views herein expressed.

Note.—See under (1) 29 C. J. p. 573, §298 (2) 29 C. J. p. 574, §299. (3) 12 C. J. p. 237 (Anno). (4) 29 C. J. p. 606, §347. (5) 32 C. J. p. 253, §397. See under (1, 2) 22 R. C. L. pp. 608-610.