## GOLDSMITH et al. v. CITY OF ARDMORE et al.

No. 20126. Opinion Filed March 19, 1929.

Rehearing Denied May 7, 1929.

Sigler & Jackson, for plaintiffs in error.

Russell B. Brown and Champion, Champion & Fischl, for defendants in error.

PER CURIAM. This is an appeal from an order and judgment of the district court of Carter county rendered in an action wherein the plaintiffs in error were plaintiffs, and the defendants in error were defendants.

The plaintiffs sought an injunction against the defendants and each of them from issuing bonds for the laying of concrete slabs on certain streets in the city of Ardmore. The issues were joined in the action and a hearing had upon the application for temporary restraining order, at the conclusion of which the court, on the 3rd day of January, 1929, ordered and directed that a temporary restraining order be issued in said cause restraining the defendant city of Ardmore from issuing pavement bonds against the property of the plaintiffs described in the petition. On the same day the defendants filed their motion to dissolve said restraining order, and upon agreement of the parties the cause was submitted to the court on the motion to dissolve the restraining order and final trial upon the same testimony was taken upon the application of the plaintiffs for temporary restraining order, and upon such submission the court dissolved the restraining order and denied the injunction. The plaintiffs filed a motion for new trial, which was by the court, on the same day, overruled, notice of appeal given in open court, and time given in which to make and serve case-made. The court further ordered that the plaintiffs have 5 days to make the supersedeas bond in the sum of $500. From the action of the trial court dissolving said restraining order and denying said injunction, plaintiffs in error appeal.

The defendants have filed herein their motion to dismiss the appeal upon the grounds that the question raised in this appeal has become moot for the reason that the plaintiffs failed to file supersedeas bond as ordered by the court and the paving bonds have been issued.

Under the provisions of section 405, C. O. S. 1921, a temporary injunction may be granted at the time of the filing of the petition or during the litigation to restrain the act complained of, under the conditions therein set forth. In the case of Ex parte Grimes et al., 20 Okla. 446, 94 Pac. 668, this court held that section 405, supra, should be construed in conjunction with section 415, which provides that no injunction, unless otherwise provided by special statute, shall operate until party obtaining the same shall give an undertaking as conditioned therein. The record in this cause discloses that no undertaking was ever filed in said cause, and the restraining order issued on the 3rd day of January, 1929, was not a temporary injunction, but it appears to have been issued under and by virtue of the provisions of section 408, C. O. S. 1921, as the parties in this cause had answered. Said section provides that an injunction shall not be granted against a party who has answered, unless upon notice, but such party may be restrained until the decision of the application for an injunction. In Cyc., vol. 22, page 745, a restraining order is defined as an order granted to maintain the subject of controversy in status quo until a hearing on an application for temporary injunction. Its purpose is merely to suspend proceedings until there may be an opportunity to inquire whether any injunction should be granted, and it is not intended as an injunction pendente lite.

When the cause was by agreement sub-

mitted to the court upon the evidence already produced by the parties, and the court rendered its decision, the restraining order theretofore issued had spent its force and effect and the cause rested upon the order denying an injunction, and the appeal lodged in this court is therefore from the order denying the injunction, and does not come within the provisions of section 809, C. O. S. 1921, which provides that when an order discharging or modifying a temporary injunction shall be made in any case and the parties who obtain such an injunction shall except to the order for the purpose of having the same reviewed in the Supreme Court upon petition in error, the judge shall fix the time, not exceeding 30 days therefrom, within which to file a petition in error in this court, and during such time the execution of said order shall be suspended and until the decision of the case upon the petition in error, if the same shall be filed. The record in this cause does not disclose that any supersedeas bond was filed as required by the order of the court, and this court in the case of Patterson et al. v. Riley et al., 46 Okla. 205, 148 Pac. 169, held that:

"When a temporary injunction is issued enjoining an officer from performing an official act, and on final hearing the temporary injunction is dissolved, and the time fixed for filing a supersedeas bond, if no bond is filed, the order and judgment dissolving the temporary injunction becomes effective at the expiration of the time allowed for filing such bond, and the court will not presume that the officer has not performed the act enjoined, and will, if sufficient time has elapsed from the completion of said act, dismiss an appeal from the judgment dissolving the injunction on the grounds that it presents only a moot question."

In the case of Youngblood v. Incorporated Town of Wewoka et al., 95 Okla. 28, 225 Pac. 695, this court announced the rule that, "A court will not entertain an action to enjoin a party from doing that which he has already done," and "When the question presented by an appeal has become moot, the appeal will be dismissed." It is admitted in the response to the motion to dismiss, filed herein by the plaintiffs in error, that the bonds, the issue of which is sought to be enjoined, had been issued, and we are therefore of the opinion that the condition of the record in this case brings the cause within the rule above cited. The plaintiffs in error in their response, however, say that the question of an injunction was not the only question presented to the trial court, in that they prayed "That they have such

other and further relief as they may in the judgment of the court be entitled," but an examination of the judgment appealed from discloses that the only question decided was the denial of the plaintiffs' right to an injunction, since no other specific relief was called to the attention of the court. Under this condition of the case, the motion to dismiss the appeal is sustained, and the appeal is dismissed.