### SIMMS v. SMITH et al.

No. 20152. Opinion Filed April 23, 1929.

P. A. Chappelle, for plaintiff in error.

B. C. Franklin, for defendants in error.

PER CURIAM. This is an appeal from a judgment of the district court of Tulsa county, wherein the plaintiff in error was plaintiff and the defendants in error were defendants.

In this action the plaintiff in error, as plaintiff, sought to enjoin defendants in error, defendants below, from enforcing a writ of restitution issued out of the justice court. In the absence of the judges of the district court and the common pleas court in said county, the judge of the county court issued a temporary restraining order, restraining defendants from disturbing the plaintiff in his peaceable possession of the property in controversy until further order of the court. On the 18th day of August, 1928, a trial of the issues joined in said cause was had, and the injunction denied and plaintiff's action dismissed. Notice of appeal was given, supersedeas bond fixed in the sum of $1,000, which said bond was executed, approved, and filed within the time required by order of the court. The defendants in error have filed in this cause their motion to dismiss the appeal on the grounds that the question presented in this appeal has become moot. The record discloses that after the denial of the injunction the writ of restitution issued out of the justice court was served and plaintiff dispossessed and the defendants in error were placed in possession. The plaintiff in error in his response admits that plaintiff was dispossessed of said property, but alleges the action of the constable in executing the writ of restitution was in violation of the law and of the order of the court by reason of the filing of the supersedeas bond.

With this we cannot agree, for the reason there was no injunction issued in said cause, and the restraining order issued therein had spent its force and effect upon the rendition of the judgment denying an injunction and dismissing plaintiff's cause of action. Ex parte Zuccaro, Annotated Cases 1917B. pp. 123, 124.

No order was necessary to dissolve restraining order issued in this cause, nor could the filing of supersedeas bond stay the defendants from dispossessing plaintiff when no temporary or permanent injunction had been issued. In the case of Youngblood v. Incorporated town of Wewoka, 95 Okla. 28, 225 Pac. 695, this court announced the rule that:

"The court will not entertain an action to enjoin a party from doing that which he has already done."

And held, further:

"When the question presented by appeal has become moot, the appeal will be dismissed."

The question presented to this court for determination having become moot, the motion is sustained and the appeal is dismissed.