## FANNING v. BOARD OF EDUCATION OF CITY OF TULSA et al.

No. 18549. Opinion Filed Dec. 10. 1929.

Errol Joyce and P. H. Moroney, for plaintiff in error.

Allen, Underwood & Smith, for defendants in error.

LEACH, C. This action was commenced in the district court of Tulsa county on June 18, 1927, by J. J. Fanning against the board of education of the city of Tulsa, its individual members, and the Rucks-Brandt Construction Company, a corporation, to enjoin the defendants from further proceeding under the terms of a contract entered into between the defendants for the erection, improvement and enlargement of certain public school buildings in the defendant district.

Plaintiff alleged in part in his petition that the electors of the defendant school district voted bonds for the erection, improvement, and enlargement of certain buildings designed for public education in the district; that such bonds had been sold and the proceeds were in the hands of the defendant board of education to be expended by them according to law; that he, plaintiff, was a resident taxpayer and as such had a right to be heard in the matter

"* * * to the end that due process of law shall be strictly observed by the said board of education in the expenditure of the said fund so derived from public taxation and so constituting a lien upon the properties of this plaintiff";

—that the defendant board of education directed its architect to draw plans and specifications for the furnishing of materials and the performance of all labor in the erection and enlargement of the certain buildings, and gave public notice to building contractors calling for sealed proposals for the erection and completion of the proposed buildings according to the plans and specifications; that sealed bids were received in accordance with the notice, and that on June 1, 1927, action was taken by the board on bids and a contract was awarded and entered into by the board with Rucks-Brandt Construction Company for the erection of the buildings and improvements according to the plans and specifications as designed. and written by the architect; further alleged that the contract so entered into between the board and the building contractor is illegal and void because of defects and illegalities manifest in the specifications. It appears that the chief grounds of complaint against the contract are that the plans and specifications respecting the materials to be used and furnished tend to prevent competition in the bidding and to effect favoritism, i— that it limits certain of the materials to be used in the buildings to one specific make or brand. manufactured by one company. as, for instance. it is alleged and contended by plaintiff that one certain named kind of paint is specified and required for interior decoration in the buildings.

The validity of the contract is also chal-

lenged on the alleged ground that unwarranted and unauthorized authority was delegated to the architest to such an extent as to substitute the will and discretion of the architect for that of the board on matters which could only be determined by the board. The plaintiff does not charge fraud or collusion in the letting of the contract, but does allege that it tends to invite and would permit of collusion and fraud and is illegal and void on the grounds stated.

The plaintiff concludes his petition with a prayer for judgment, declaring the contract void; that the board be enjoined from paying out any moneys thereunder; and that the defendants be enjoined from further performance of the contract and for an immediate temporary injunction.

The trial court after a hearing on the petition of the plaintiff denied the injunction, and the plaintiff brings this appeal.

The defendants have filed their motion to dismiss the appeal on the ground that the questions presented have become moot, that the acts sought to be enjoined by the plaintiff have been performed, and the terms of the contract carried out. The parties to this appeal, plaintiff and defendants, have filed herein their briefs and argument covering both the motion to dismiss the appeal and the questions raised under the assignments of error in the case.

The plaintiff in error concedes that the terms and conditions of the contract sought to be enjoined have been complied with, the buildings erected and funds expended, but says the appeal should not be dismissed because the issues involved are of public interest, involving the conduct of public officials in discharge of their duties, and that the legality of the contract or building specifications should be determined for the benefit of the defendant board of education and similar boards within the state on problems of like character that may hereafter arise.

In support of such argument, the plaintiff cites the case of Dove v. Oglesby, 114 Okla. 144, 244 Pac. 798, which case involved the constitutionality of an election statute, and the appeal was from an order enjoining the county election board from holding a primary election. It is stated in the body of the opinion in that case:

"There is one other question which under the peculiar circumstances of this case naturally presents itself, viz., whether the question involved here has become moot, but this is essentially a public question, one which involves the validity of a statute, and the question whether a constitutional right is being taken away, and is a question which is quite likely to arise at any primary election"

—and in the syllabus:

"Although the time may have passed for granting the specific relief asked for in this case, yet, inasmuch as the constitutionality of a statute is involved, and the general public thereby interested, the court will retain jurisdiction of the appeal and pass upon the constitutionality of the statute."

From an examination of the record in the instant case, and due consideration of the briefs and argument of the respective parties, it is not shown nor does it clearly appear that such questions as are here presented and arising on the particular contract involved will again arise with the defendant board, or have arisen under similar boards within the state, and we are of the opinion that the question presented and issues involved are not of such public character or interest as to require this court to pass on the validity of the particular contract.

The questions presented by this appeal are shown to have become moot, and following the usual and established rule in such cases, the appeal should be dismissed.

In the case of Youngblood v. Incorporated Town of Wewoka, 95 Okla. 28, 225 Pac. 695, this court announced the following rule:

"1. When the question presented by an appeal has become moot, the appeal will be dismissed.

"2. A court will not entertain an action to enjoin a party from doing that which he has already done."

Such rule is likewise set forth in Goldsmith v. City of Ardmore, 136 Okla. 201, 277 Pac. 230; Simms v. Smith, 136 Okla. 144, 276 Pac. 740; Teter v. Board of Education of City of Drumright, 85 Okla. 16, 204 Pac. 129.

"Where controversy existing at time appeal was taken has ceased to exist on account of matters subsequently transpiring, appeal will be dismissed as involving moot question." Childress v. L. Dinkelspiel Co., Inc., (Cal.) 263 Pac. 801.

The appeal is dismissed.

BENNETT, TEEHEE, REID, and FOSTER, Commissioners, concur.

By the Court: It is so ordered.