## SKOUBY v. BOARD OF ED. OF SCHOOL DIST. NO. 60, LOGAN COUNTY, et al.

No. 21331. Opinion Filed May 27, 1930.

Bierer & Bierer, for plaintiff in error.

W. T. Hirschi and John Adams, for defendants in error.

ANDREWS, J. Plaintiff in error filed a petition in the district court of Logan coun-

ty against the defendants in error, the board of education of school district No. 60, Logan county, Okla., the members of said board, and the clerk thereof, in which he alleged that the call for the letting of the contract for the construction of a school building did not provide for competitive bids, in that it did not fix a time in which the school building was to be constructed or the time in which the contractors should agree to construct and complete the same.

The action was instituted for the purpose of enjoining the letting of the contract which had been awarded pursuant to the call. The successful bidder was not a party to the litigation.

There were many other allegations, but the only issue presented to this court is whether or not a contract could be awarded under such a call. A temporary restraining order was issued without bond. Upon the trial of the issue the district court denied the application for injunction. Notice of appeal was given and within ten days thereafter a petition in error and case-made were filed in this court.

The petition in error recites that after the trial and hearing in the district court the defendants in error proceeded to enter into a contract with the successful bidder, who has taken possession of the school ground for the purpose of carrying out the contract, which was alleged to be illegal, and prays that a hearing be had in this court and a temporary order of injunction be granted enjoining the defendants in error from proceeding to carry out the contract so made, and that upon final hearing a permanent injunction be granted.

The defendants in error filed an answer to the application for temporary injunction in this court, and a reply was filed thereto. From the pleadings it appears that after the trial in the district court the defendants in error, acting upon the advice of their attorneys, entered into a written contract with the successful bidder for the construction of the school building, and that the action was taken for the reason that the defendants felt that immediate construction of the school building was necessary by reason of the destruction of the central school building under order of the State Fire Marshal, and that after the execution of the contract the contractor entered upon the construction of the building and now has performed labor and furnished material to a considerable amount.

The contractor was not made a party in this court.

The plaintiff in error presents two propositions: First, that the original letting was illegal and void because the call for bids and the bids ignored the time element as required in highway construction contracts as determined by this court in Flynn Construction Co. v. Leininger, 125 Okla. 197, 257 Pac. 374, Leininger v. Ward, 126 Okla. 114, 258 Pac. 863, and Deutsch v. Oklahoma City, 133 Okla. 51, 270 Pac. 851; and, second, that notice of appeal from the order of the district court denying the injunction "kept the cause in force with notice to everybody," pending the appeal.

Plaintiff in error relies upon the case of Bier v. Clements (Wash.) 164 Pac. 82, as an authority for the second contention. An analysis of the case discloses that it is not in point, for the reason that the order therein made was made by the Supreme Court of Washington prior to the performance of the acts sought to be enjoined. Here we are asked to make an order enjoining an act after the act has been performed. The only other case cited by plaintiff in error on this contention is Dare v. Mt. Vernon Investment Co. (Wash.) 208 Pac. 609, which is in no wise in point. Our attention is called to no case holding that this court, on an appeal, is authorized to enjoin the performance of an act which the trial court refused to enjoin and which was fully performed after the denial of the prayer for injunctive relief by the trial court and before the appeal to this court was perfected. We know of no such authority.

Plaintiff in error contends that when he gave notice of appeal, that notice had the effect of staying proceedings pending the appeal to this court. That contention, carried to the ultimate, means that an unsuccessful applicant for injunctive relief may obtain a ten-days injunction, without bond, by giving notice of appeal. That is not the law.

An injunction is a temporary remedy in Oklahoma and "is a command to refrain from a particular act." Section 404, C. O. S. 1921. The writ of injunction is abolished in this state. Section 404, Id.

No injunction was ever granted in this case and the application of the plaintiff in error for an injunction was denied by the trial court after a full hearing thereon.

It is true that a restraining order was issued for the purpose of maintaining the subject of the controversy in status quo until a hearing could be had and the right to an injunction determined. When the trial court determined that the plaintiff in error was not entitled to an injunction, the effect of the restraining order was spent and that order was automatically dissolved. At the time the contract was entered into there was no injunction to prevent the same. Goldsmith v. City of Ardmore, 130 Okla. 201, 277 Pac. 230. The identical question was presented to this court and determined by the decision in Youngblood v. Incorporated Town of Wewoka, 95 Okla. 28, 225 Pac. 695. That was an action to enjoin the town of Wewoka from entering into a contract for a waterworks system. The trial court denied the injunction and, no supersedeas bond having been given, the contract was let. This court said:

"Under the above state of facts, the question involved has become moot. In such cases this court will dismiss the appeal. Doctors Oil Co. v. Adair, 83 Okla. 53, 200 Pac. 858; Teter v. Board of Education, 85 Okla. 16, 204 Pac. 129; Drummond v. City of Ada, 86 Okla. 32, 206 Pac. 200; Atkins v. Page, 86 Okla. 308, 208 Pac. 824. The action being to enjoin officials from doing an act which has already been done, this court will not issue its mandate for injunction. Teter v. Board of Education; Drummond v. City of Ada, supra."

That rule has been followed by this court, and in Simms v. Smith, 136 Okla. 144, 276 Pac. 740, was stated to be as follows:

"The record discloses that after the denial of the injunction the writ of restitution issued out of the justice court was served and plaintiff dispossessed and the defendants in error were placed in possession. The plaintiff in error in his response admits that plaintiff was dispossessed of said property, but alleges the action of the constable in executing the writ of restitution was in violation of the law and of the order of the court by reason of the filing of the supersedeas bond.

"With this we cannot agree, for the reason there was no injunction issued in said cause, and the restraining order issued therein had spent its force and effect upon the rendition of the judgment denying an injunction and dismissing plaintiff's cause of action. Ex parte Zuccaro (Tex.) 163 S. W. 579, Ann. Cas. 1917B, pp. 123, 124."

In Fanning v. Board of Ed. of City of Tulsa, 140 Okla. 252, 282 Pac. 1099, the prayer for injunction was denied by the trial court. The rule was restated and followed. The court held:

"A court will not entertain an action to enjoin a party from doing that which he has already done."

We are passing the question as to wheth-

er the district court had jurisdiction to determine the issue presented in that court without the successful bidder being a party to the litigation as unnecessary to be determined on this appeal, and consider the effect of the failure to make the contractor a party in this court.

If this is an original proceeding in this court to enjoin the performance of a contract as made, the action will be dismissed for the reason that this court declines to assume original jurisdiction therein, and for the further reason that the contractor is not a party thereto. If it is an appeal only, then the only issue that may be presented to this court is the issue submitted to the trial court, which was whether or not the defendants in error should be enjoined from entering into a contract for the construction of the school building. It cannot be contended that the rights of the parties to the contract were involved in the district court, for the reason that the contractor was not a party to that litigation.

It must be understood that nothing we have said herein shall be considered as a determination of whether or not the defendants in error were authorized to enter into a contract for the construction of the school building or the validity of the contract entered into.

The plaintiff in error, having instituted a suit to enjoin the defendants in error from entering into a contract for the construction of a school building, and the trial court having denied that injunction and the contract having been executed, there is nothing before this court for determination on appeal, and this court having declined to assume original jurisdiction of the application for injunction against the carrying out of the contract, the appeal is dismissed.

LESTER, V. C. J., and CLARK, HEFNER, CULLISON, and SWINDALL, JJ., concur. MASON, C. J., and HUNT and RILEY, JJ., absent.

Note.—See "Appeal and Error," 4 C. J. §2396, p. 584, n. 62.