## CAMPBELL et ux. v. PHILLIPS PETROLEUM CO. et al.

No. 24314.   Sept. 10, 1935.

F. E. Riddle, for plaintiffs in error.

W. S. Meyer, for defendant in error Phillips Petroleum Company.

PHELPS, J. Phillips Petroleum Company obtained a judgment in the justice of the peace court against T. H. Campbell and Mrs.

T. H. Campbell, plaintiffs in error here, for the sum of $34.15.

No appeal having been taken, execution was issued and levied upon an automobile belonging to Mr. and Mrs. Campbell against which Lewis Investment Company held a recorded chattel mortgage. Phillips Petroleum Company paid to Lewis Investment Company the ba'ance due on the chattel mortgage and caused notice of sale to be given, said sale to be held at 10:00 o'clock in the forenoon of November 7, 1932.

On November 5th preceding the sale date, Mr. and Mrs. Campbell filed their action in the district court of Tulsa county, alleging fraud and collusion on the part of Phillips Petroleum Company and Lewis Investment Company and prayed for damages and an injunction against the sale of said automobile, and at the same time obtained a restraining order returnable on November 9th. It appears the restraining order was not served until after the sa'e was had. Indeed the record fails to show that the restraining order was ever served, and the record shows that the summons issued in the case was not delivered to the sheriff for service until November 10th.

The sale was had, according to the notice, at 10:00 o'clock on November 7th. On November 9th, when the case was called for hearing, for temporary injunction, the restraining order was dissolved and set aside and the temporary injunction denied, from which order of the court this appeal is prosecuted.

In Maxwe'l v. City of Tulsa, 145 Okla. 155, 292 P. 66. th's court had under consideration a similar question and in disposing of same, used the following language:

"This court has, in a number of cases, announced the rule that the court will not entertain an action to enjoin a party from doing that which he has already done. Goldsmith v. City of Ardmore, 136 Okla. 201, 277 P. 230; Youngblood v. Town of Wewoka, 95 Okla. 28, 225 P. 695; Teter v. Board of Ed. City of Drumright, 85 Okla. 16, 204 P. 129."

Upon the authority of these cases, the judgment of the district court is affirmed.

McNEILL, C. J., and RILEY, WELCH, and GIBSON, JJ., concur.