## KIKER et al. v. CITY OF WEWOKA et al.

No. 34073.   Sept. 18, 1951.

*235 P. 2d 710.*

Carver & Cook, by David M. Cook, Wewoka, for plaintiffs in error.

Buck Cartwright, City Atty., Wewoka, for defendants in error.

BINGAMAN, J.   This action was brought by plaintiffs, V. L. Kiker and J. Read Moore, against City of Wewoka and International Meters, Inc., to enjoin the defendants from installing parking meters in the city of Wewoka and from operating the same, on the ground that the contract for the purchase and installation of such meters was illegal and void as violative of the provisions of the city charter. No temporary restraining order or temporary injunction was issued in the case, but the trial court sustained separate demurrers of the defendants to plaintiffs' petition, holding that the petition failed to state facts sufficient to constitute a cause of action. Plaintiffs appeal.

The defendant city has filed a motion to dismiss the appeal, stating that the full purchase price of the meters has been paid and the meters installed, and that the questions involved and the relief prayed for in the appeal are hypothetical and moot. The motion to dismiss is supported by the affidavit of the city clerk and city treasurer.

The motion to dismiss must be sustained. When the judgment was rendered plaintiffs made no effort either in the court below or in this court to stay further action by defendants. Relief asked for being purely injunctive and the contract having been completed, the contract price fully paid and the meters installed and put in operation, it is plain that this court could render no decision which would grant any relief to plaintiffs.

We have many times held that the court will not entertain an action to enjoin a party from doing what he has already done, and that where the act sought to be enjoined has been fully performed, the question presented by the appeal has become moot and the appeal will be dismissed. Goldsmith v. City of Ardmore, 136 Okla. 201, 277 P. 230; Roper v. Board of Education of the City of Okmulgee, 167 Okla. 382, 29 P. 2d 950; Skouby v. Board of Education of School District No. 60, Logan County, 143 Okla. 272, 288 P. 461.

Plaintiffs in their response to the motion to dismiss urge that the case involves an important public question and is therefore governed by the rule announced in Payne v. Jones, 193 Okla. 609, 146 P. 2d 113, and Peppers Refining Co. v. Corporation Commission, 198 Okla. 451, 179 P. 2d 899. We do not agree. These cases involve matters of statewide public interest where no other remedy was available to the complaining parties. If, as contended by plaintiffs, the contract for the purchase

of the parking meters by the city is illegal and void, plaintiffs have a remedy for the recovery of the city's money so illegally paid.

Appeal dismissed.

WELCH, CORN, GIBSON, JOHNSON, and O'NEAL, JJ., concur.