**W. B. DAVIS, Plaintiff in Error,**

**v.**

**T. J. LITTLE, Defendant in Error.**

No. 36516.

Supreme Court of Oklahoma.

Nov. 1, 1955.

Jones & Beauchamp, by Jay D. Jones, Duncan, for plaintiff in error.

J. P. Speer, Duncan, for defendant in error.

BLACKBIRD, Justice.

Plaintiff in error herein appeals from an order vacating and setting aside a temporary injunction the trial court had previously granted him, as plaintiff, against defendant in error, as defendant; and refusing his application for a permanent injunction based upon the same conduct of defendant. The parties will hereinafter be referred to as they appeared in the trial court.

Plaintiff is the owner of oil and gas leases on certain tracts of land both in Garvin and Stephens Counties. Defendant owns the surface of two of these Stephens County tracts (Sections 24 and 25, Township 1 North, Range 4 West), one of which is the tract covered by plaintiff's "Martha Edwards" lease.

In February, 1954, plaintiff had given the J & S Drilling Company, through its Mr. Smith, a contract for exploration of said leases for oil and/or gas. The contract called for the drilling of three wells, one on the aforesaid Martha Edwards lease and two others on tracts owned entirely by persons who were not parties to this controversy. Under the contract, procuring the water necessary for said drilling operations was left to the drilling company. After it had worked about two days with preliminary ground work for commencing, on one of the Garvin County leases, the first of the three wells it had thus contracted to drill, it had one Williams, a water well drilling contractor, proceed with his drilling machine and equipment to plaintiff's Martha Edwards lease (across the road from said Garvin County lease) for the purpose of drilling a water well there, and thus obtaining water for drilling the oil well on the Garvin County lease. Defendant forbade the drilling of this water well on the ground that no "arrangements" had been made to obtain his permission for such drilling.

Plaintiff thereafter instituted the present action, alleging, among other things, that under his oil and gas lease on said tract, he was entitled to use so much of said premises as "reasonably necessary to operate on and explore said premises for oil and gas purposes" and that defendant, by his acts, had and was preventing him from doing this. Plaintiff's petition prayed that he be granted both a temporary injunction, and a permanent one, against defendant's alleged interference with his alleged "rights" under said lease. Sometime after plaintiff obtained the temporary injunction prayed for, defendant filed his answer and motion to dismiss the temporary injunction, alleging, in substance, among other things, that all of the water on, or to be derived from, the involved premises belonged to him (as owner of the surface rights). He further alleged the fact, already alluded to herein, that the water plaintiff had attempted to drill the well to obtain, was for use on an oil and gas well to be drilled "off" of the leased premises involved here.

Upon trial to the court of the issues joined by the above described pleadings, it was revealed that previously, during the pendency of the action and while the temporary injunction against defendant was in force, the water well in controversy had been drilled, and water therefrom had been used to drill an oil and gas well on the same land (Martha Edwards lease). It was also revealed that plaintiff, and/or his drilling contractor, having apparently abandoned the original purpose of using water from this well to drill the other two oil wells on other leases, had drilled separate water wells on those lands for that purpose. At the conclusion of the evidence, the trial court entered an order vacating and setting aside the temporary injunction "as having been wrongfully issued", and denying the permanent injunction plaintiff sought. That is the order and/or judgment plaintiff has herein appealed from.

He herein asserts that his appeal presents the single question:

"Did the plaintiff have the right under his oil and gas leases to drill water wells on the leased premises and to use the water in drilling for oil, when he could not drill for oil without water?"

We do not agree. We think that in view of the events that had transpired by the time the case was tried, that question had become moot. For us now to go into it, would en-

tail consideration of a proposition of law that, in this appeal, is now purely academic or abstract. An opinion, if promulgated thereon, would simply be an advisory one.

■ As hereinbefore noted, the evidence in the trial court indicated that, though plaintiff originally intended to use, for drilling *off* of the lease in question, water from a well to be drilled *thereon,* by the time his application for a permanent injunction had come to trial on its merits, he had apparently abandoned that intention, and, having already drilled the water well, was using it *only* for oil and gas exploration purposes on that *particular lease.* That is no more than defendant, in the opening part of his brief, tacitly concedes he has a right to do. It was not claimed at the trial, nor here, that at any time since the drilling of said well, plaintiff has intended, or now threatens, to obtain or use water from said well, or anywhere else on said tract, except for exploration on the Martha Edwards lease. Nor is any claim made that defendant threatens to obstruct plaintiff in so obtaining or using such water. This court ordinarily will not decide a controversy after it has become no more than an abstract argument; nor will it determine an injunction merely on the basis of an abandoned intention, or restrain an invasion of an alleged right that has never occurred, nor is threatened. See Kiker v. City of Wewoka, 205 Okl. 90, 235 P.2d 710; Sunray Oil Co. v. Cortez Oil Co., 188 Okl. 690, 112 P.2d 792; Emrick v. State Highway Comm., 147 Okl. 252, 296 P. 412, and other cases cited in Vol. 2A, Okl.Dig., Appeal and Error ■ The trial court's vacation of the temporary injunction is not before us, in view of his denial of plaintiff's application for a permanent injunction. But even if it were, an effort at reversal would probably be met by the appellate rule that a trial court's judgment, if correct, will not be reversed on account of a reason he has given therefor, even assuming that the stated reason is wrong or incorrect. Douglas v. Douglas, 176 Okl. 378, 56 P.2d 362.

In view of the foregoing, the judgment of the trial court must stand. It is therefore affirmed.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, HALLEY and HUNT, JJ., concur.

WELCH, DAVISON and JACKSON, JJ., dissent.